C. C. MOORE, PLAINTIFF IN ERROR, v. CHARLES W. RUSH,
DEFENDANT IN ERROR.

Under the issue of the statute of limitations in assumpsit for
goods sold, it is error to admit in evidence a promise
under seal to pay interest on monthly bills executed in
advance of the sale of the goods.

This case was decided by Division A.

Writ of error to the Circuit Court for Volusia County.

The facts in the case are stated in the opinion of the
court.

*Landis & Fish,* for Plaintiff in Error;

*U. M. Bennett,* for Defendant in Error.

COCKRELL, J.: In an action begun June 20, 1904, Rush
sued Moore in assumpsit upon the common counts, the
defendant pleading among other pleas the statute of lim-
itations, to which the general replication was filed. At the
trial the plaintiff out of his own mouth having testified
that the last item charged was a date beyond the statutory
period, introduced over defendant's objection an instru-
ment in the following words: "August 8th, 1898. New
Smyrna, Florida. I hereby agree to pay C. W. Rush, mer-
chant of this town, legal interest on all bills at the end of
each month rendered from the commencement of said de-
ferred monthly dues, until all are liquidated. Given under
my hand and seal this above date.  Charles C. Moore, L. S."
The plaintiff further testified that he relied upon this as
24—S. C.

a sealed instrument and upon such reliance sold the defendant the goods for which the action was brought.

The statute of limitations when pleaded is a complete bar, unless avoided by some exception recognized by the statute or by an acknowledgment of or promise to pay the debt in writing signed by the party to be charged. Chapter 4375, Laws of 1895. It is apparent that the attempt to avoid the statute is under the specified head.

There seems to be an irreconcilable conflict in the adjudged cases as to whether the new promise is admissible under the general replication and we shall not undertake now to express our views thereon. It is evident that in the case before us there is no promise to pay a pre-existing debt or an acknowledgment of its existence under such circumstances that a promise to pay it can be implied, which seems to have been the condition under which the courts held the statute did not apply. The act of 1895 limits rather than extends the condition by confining the proof of the fact to a signed instrument in writing.

If there be liability upon the part of the defendant by reason of this instrument, it must be enforced under other pleadings.

For the error in admitting the instrument in evidence, the judgment is reversed and a new trial awarded.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.