FREDERICK L. WOODHAM, *Plaintiff in Error*, v. JESSIE HILL, JOINED BY HER HUSBAND, F. W. HILL, *Defendants in Error*.

Opinion Filed November 29, 1919.

Petition for rehearing denied March 11, 1920.

1.  A mere writing enclosing a cheque of no stated amount, and for no purpose stated in such letter, and in no way referring to the debt or account set out in the bill of particulars, upon which plaintiffs sued is not such an acknowledgement of or promise to pay as is required by the statute. Section 1717 General Statutes, 1906, Chapter 4375 Acts of 1895.

2.  A writing for the purpose of showing the acknowledgement of or promise to pay a debt barred by the statute of limitations must be clear and definite and an acknowledgement of the existence of such indebtedness and a willingness to pay the same. If the expression be equivocal, vague or indefinite, leading to no certain conclusion, but at best to be probable inferences, which may affect different minds in different ways, they ought not to go to the jury as evidence of a new promise to revive the cause of action.

3.  Every acknowledgement of a promise to pay a debt barred by the statute of limitations must be in writing and signed by the party to be charged.

4.  Where a party relies upon an acknowledgement of a debt as provided by the statute as a new promise the common law form of actions not having been abolished in this State, suits should be brought on the new promise and not on the original debt.   Parties litigant should so formulate their pleadings and the introduction of evidence as to conform to applicable common law forms of action.

5   The payment of interest, or a part of the debt without an acknowledgement in writing of the principal balance of the debt and a willingness to pay the same, will not take a demand from under the bar of the staute of limitations.

A Writ of Error to the Circuit Court for Osceola County; Jas. W. Perkins, Judge.

Judgment reversed.

W. B. Crawford and J. T. G. Crawford, for Plaintiff in Error;

Johnston & Garrett, for Defendants in Error.

WILLS, Circuit Judge.—On December 4th, 1917, the defendants in error as plaintiffs brought suit against the plaintiff in error, in the Circuit Court of Osceola County and upon a trial of the cause recovered judgment.   For convenience we will refer to the parties in the capacities they occupied in the Circuit Court.

The original declaration consisted of one count, and alleged in substance that the defendant, Woodham, was indebted to the plaintiff, Jessie Hill, in the sum of $600 with interest thereon from January 1st, 1916, at the rate of 4 per cent per annum, upon a promise made by said Woodham to the said Jessie Hill in the County of Osceola, on the 22nd day of July, 1899, and repeated on the first

day of January, 1916, to pay the amount of the principal, on or before the first day of January, 1914, and to pay interest at the rate of 4 per cent per annum, payable semi-annually on the first day of January, and of July of each year, and that the defendant, although often requested to pay the same, has not done so. With this there are filed as a bill of particulars, a copy of an obligation or bond, executed by Woodham, wherein he admits himself bound to pay the plaintiff, Mrs. Hill, the sum of $620, with interest as alleged in the above count. This document appears to be a sealed instrument and purports to have been signed and sealed the 22nd day of July, 1899, and obligates to pay the principal on or before July 1st, 1914.

To this declaration, containing one count, the defendant filed a plea, stating that "he never promised as alleged." No objection was made to this plea by the plaintiffs.

On April 25th, 1918, the plaintiffs joined issue on the above plea and the cause proceeded to a trial. During the trial the plaintiffs had leave of the court to file additional counts to the declaration, and on April 25th, 1918, the plaintiffs filed five additional counts to the declaration, the first being for money payable for goods bargained and sold; the second, for work and labor; the third for money lent; the fourth for money paid by plaintiffs at the request of the defendant; the fifth for money had and received. To the amended or enlarged declaration, now containing six counts, the plaintiff filed a bill of particulars, the same being a statement of account containing one item of $620 for principal due January 1st, 1916, and one item of interest thereon from January 1st, 1916, to September 24th, 1917, and amounting to $42.92. This is called a substituted bill of particulars and states that it is substituted

for the bill of particulars heretofore filed to the first count.

To the enlarged declaration the defendant filed additional pleas. To all the counts except the first, there was filed a plea stating that he "never was indebted," and a further plea to all the counts that the several causes of action alleged in said counts did not accrue within three years before the commencement of suit. Issue was joined on these pleas and the trial proceeded and there was a judgment for the plaintiffs. A writ of error was sued out and a number of assignments of error alleged. The plaintiff in error abandons the first and second assignments, and relies upon the third, fourth, fifth, sixth, seventh and eighth assignments.

The third assignment is that the court erred in admitting in evidence over the objection of the defendants, a letter from the defendant to the witness, F. W. Hill, one of the plaintiffs, and husband of Jessie Hill, the other plaintiff.

The plaintiffs after identifying the original bond, a copy of which was filed as the first bill of particulars, offered the same in evidence, but the court, on the objection of the defendant, excluded the paper. The plaintiffs then attempted to show by the testimony of F. W. Hill, that there had been an independent oral promise on the part of the defendant to pay Mrs. Hill a certain debt due to F. W. Hill for two cars of oranges delivered to Woodham prior to the year 1899, and never paid for by Woodham. It appears that in 1899 the debt was several years in arrears. F. W. Hill testifies that it went on for "years and years," and Woodham gave to Mrs. Hill his bond or obligation under seal, wherein he bound himself to pay Mrs. Hill the amount all parties agreed was due, and to pay in-

terest thereon at four per cent. per annum, the amount to be paid on July 1st, 1914. Woodham paid interest on this debt, so evidenced for a number of years, and the Hills duly credited the same on the bond.

After the exclusion of the bond as evidence, the plaintiffs in order to show that the defendant, Woodham, had acknowledged the debt and had agreed to pay the same in writing, and in order to come within the statutory provisions as to avoiding the statutes of limitations, and to show a part payment of the debt such as would according to plaintiffs' theory of the case, take the account out of the statute of limitations, offered in evidence a letter from the defendant to F. W. Hill, one of the plaintiffs, and husband of the plaintiff, Jessie Hill. This letter was admitted in evidence over the objection of the defendant, and reads in part as follows:

"Hants, England * * * , January 3rd, 1916. Dear Hill: Will you please hand the enclosed cheque to Mrs. Hill. I am sorry I am six months late for half of it, but better late than never, and you must put it down entirely to this awful war which has entirely upset all things both financially and otherwise in this country." The remainder of the letter relates to other matters, and does not refer to the issue between the parties.

We are of the opinion that this letter does not identify the debt sued upon, and that a writing for the purpose of showing the acknowledgment of, or promise to pay a debt barred by the statute of limitations must be certain, definite and an acknowledgment of the existence of such indebtedness and a willingness to pay the same.

A mere writing enclosing a cheque of no stated amount, and for no purpose stated in such letter, and in no way referring to the debt or account set out in the bill of par-

ticulars, upon which plaintiffs sued, is not such an acknowledgment of or promise to pay as is required by the statute. Section 1717, General Statutes, 1906, Compiled Laws, 1914 (Chapter 4375, Acts of 1895).

A writing relied upon to revive a debt already barred by the statute of limitations should be susceptible to an implication of a willingness to pay at all events, or upon a contingency that has happened. Cosio v. Guerro, 67 Fla. 331, 65 South. Rep. 5.

In States which have no statute like ours, it has been held: "A new promise which will take a case out of the statute may be either expressed or implied in consequence of an acknowledgment, though in either event it must be clear and definite. * * * If the expression be equivocal, vague or indeterminate, leading to no certain conclusion, but at best to be probable inferences, which may affect different minds in different ways, they ought not to go to a jury as evidence of a new promise to revive a cause of action." 17 R. C. L. p. 898.

It is true that in some jurisdictions that the fact of the payment of interest will take a demand out of bar of the statute of limitations and that the payment of interest may be proved by parol, the same as it could before an acknowledgment was required to be in writing. This was so held in the case of Mills v. Davis, 113 N. Y. 243, 21 N. E. Rep. 68, 3 L. R. A. 394. The statute under consideration in that case is similar to the Florida statute, but unlike Section 1717, Chap. 4375, Acts of 1895, contains this proviso: "does not alter the effect of a payment of principal and interest." Mr. Justice COCKRELL, in Cosio v. Guerro, supra, points out the material difference between the Iowa statute and the Florida statute. The Iowa statute providing that causes of action founded on

contract are revived by an admission that the debt is un-
paid as well as by a new promise to pay the same, where-
as General Statutes 1717, Chapter 4375, Acts of 1895, mere-
ly declares, "Every acknowledgment of a promise to pay
a debt barred by the statutes of limitation must be in
writing and signed by the party to be charged."

It is apparent that the original indebtedness was
created prior to 1899 and is a barred debt unless by a writ-
ing, the bar of the statute has been removed. It is also
apparent that plaintiffs in this action relied upon the new
promise created by the bond, a copy of which was first
used by the plaintiffs as their bill of particulars.

"All the cases declare that it is the new promise that
avoids the operation of the statute, and it is the contract
upon which if at all a recovery can be had." Tate v. Clem-
ents, 16 Fla. 339, text 366.

As was said by Mr. Justice WHITFIELD in Dekle v. Cal-
houn, 60 Fla. 53, 53 South. Rep. 14, "The common law
forms of action have not been abolished in this State."
Therefore if the plaintiffs have a cause of action, it is in-
cumbent upon them to have proper pleadings and proofs
before a judgment can be authorized.

In Moore v. Rush, 52 Fla. 369, 42 South. Rep. 238, it
is said: "The statute of limitations when pleaded is a
complete bar, unless avoided by some exception recog-
nized by the statute, or by an acknowledgment or promise
to pay the debt in writing, signed by the party to be
charged. (Chapter 4375, Acts of 1895, p. 140. Sec. 1717,
Gen. Stats., 1906, Compiled Laws, 1914). In this case
it is stated that the Act of 1895, now Section 1717, Gen.
Stats., 1906, limits, rather than extends the condition, by
confining the proof of a fact to a signed instrument in
writing.

A payment on a debt barred by the statute of limitations without an acknowledgment of the balance of the debt as existing and a willingness to pay the debt will not take it out of the statute.

The record in this case shows that the cheque referred to was to be credited on the bond and not upon the account sued upon, and this bond, in our view of the case, must constitute the foundation of plaintiff's right to recover, and defendant's liability, if any, and under the pleadings in this case it was error to admit the letter in evidence, and error of the court to deny the motion to strike the testimony of F. W. Hill as to the acknowledgment of, or promise to pay the debt alleged. For the errors stated the cause should be reversed and remanded.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the judgment herein be and the same is hereby reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.