J. COKER, *Plaintiff in Error*, v. T. E. PHILLIPS AND LELA A. ROYAL, DOING BUSINESS AS ROYAL & PHILLIPS, *Defendants in Error*.

### En Banc.

### Opinion Filed March 23, 1925.

1. An action upon a contract, obligation or liability founded upon a written instrument not under seal may be brought only within five years from the date the cause of action accrues. If the action is upon an obligation not founded upon an instrument in writing it must be brought within three years.

2. Every acknowledgment of a promise to pay a debt barred by the statute of limitations must be in writing and signed by the party to be charged.

3. When an action is brought upon a debt which is barred by the statute of limitations but the plaintiff relies upon a promise in writing to pay the debt after it became barred by the statute, the new promise is the cause of action upon which the plaintiff must rely to maintain his action.

4. Where a promise is jointly made by two persons to pay a certain sum at a certain time and before the statute of limitations bars the action one of the parties, without the knowledge or consent of the other, makes a payment upon the debt such payment does not toll the statute upon the promise of the latter.

5. Pleadings should be so formulated and evidence introduced so as to conform to applicable common law forms of action.

A Writ of Error to the Circuit Court for Hardee County; W. S. Bullock, Judge.

Judgment reversed.

*W. W. Whitehurst,* for Plaintiff in Error;

*Leitner & Leitner,* for Defendants in Error.

ELLIS, J.—The plaintiffs in the court below were Royal and Phillips; they brought an action against J. Coker and J. E. Glover.

The declaration contains one count divided into five paragraphs. It alleges that on January 14, 1914, the defendants, being indebted to the plaintiffs in the sum of $926.80, executed to the plaintiffs two promissory notes each in the sum of $463.40, one payable four months and the other eight months after date with interest at eight per centum per annum from date; and that on January 20, 1916, the defendants were also indebted to the plaintiffs in the sum of $333.47 on an account then stated between them and that on the 10th day of July, 1919, the defendant, J. Coker, paid to the plaintiffs the sum of $700.00, "the same to be credited upon the said notes and accounts and that this is the only amount that has been paid upon the said notes and account." Wherefore, (the declaration alleges) "a cause of action has accrued to the plaintiffs to demand of and from the defendants the amount of the said notes with interest and a reasonable attorney's fee, and also the amount of the said open account, together with interest thereon at the rate of 8% per annum from the date of the account, less the said credit of $700.00 made on the 23rd day of July, 1919. To the damage of the plaintiffs in the sum of $3,-000.00, and therefor they bring this suit." Copies of the notes and account were attached to the declaration and marked Exhibits "A", "B" and "C", respectively. The declaration alleged that the notes provided for the payment of attorney's fees.

It seems to be necessary to make a reasonably full state-

ment of the pleadings in this case in order that it may be seen how the questions sought to be presented were raised.

It will be observed that the declaration conforms to no rules or form known to the law of pleading. It contains references to three distinct, separate and independent causes of action each of which was properly the subject of a separate and independent count. But the plaintiffs treated the total indebtedness and the failure to pay it as one cause of action and seemingly declared upon an obligation founded partly upon two instruments in writing and partly upon an obligation not founded upon an instrument in writing. The declaration was duplicitous because three distinct matters were alleged in aid of a single demand and any one of such matters would uphold the demand as a cause of action.

The defect is one of form rather than one of substance apparently, yet it involves difficulties. The plea of never was indebted would not be applicable under our rules because the action does not rest entirely upon an implied assumpsit, nor would the plea of never promised as alleged apply because the action is not wholly upon an express promise, nor would the pleas applicable to demands upon promissory notes be applicable because the action is not wholly upon the notes.

A discussion of the practice which ignores the rules of pleading would avail nothing; our task is to try and, if possible, work out of this tangle, into which a very simple case has been twisted, the issues upon which it was supposed to have been tried. At best it can be little more than a guess.

In this State an action upon any contract, obligation or liability founded upon an instrument of writing not under seal may be commenced only within five years, and within three years upon an obligation not founded upon an instrument in writing including an action for goods and mer-

chandise sold and delivered on store accounts.   See Section 2939, Revised General Statutes, 1920.

Ignoring for the moment the allegation of the payment by defendant, Coker, alleged in one part of the declaration to have been made July 10, 1919, and in another part to have been made on the 23d day of that month, it appears that when the action was brought the notes had been barred two years and the account three years.   But when the payment was made the first note, Exhibit "B", due May 14, 1914, had been barred one month, while the second note, due September 14, 1914, was not barred, and the open account had been barred five months.

The action was brought February 4, 1922.   The promissory notes were joint and several obligations.

In May, 1922, the defendant, Coker, pleaded the statute of limitations to both notes and open account.   Then, five months afterward, "filed his amended plea."   That plea consisted of four divisions as follows:   The statute of limitations as to the first note, Exhibit "B"; second, the statute of limitations as to the open account; third, never was indebted as to the open account and fourth, payment as to the second note, Exhibit "A."

The parties seem to have treated the first plea, which was in discharge of the entire obligation, as abandoned by the "amended plea."

The plaintiffs replied to the first and second pleas, or divisions of the amended plea, that the defendant, Coker, "acknowledged said indebtedness in writing."   There was an allegation that such acknowledgment renewed the note and "took it out of the statute of limitation," also took the action on the account "out of the statute of limitation," but such allegation was a conclusion of law.   The plaintiffs joined issue on the third and fourth pleas or divisions of the plea.

Thereupon, in October, the defendant, Coker, demurred

to the replication to the "first and second pleas." The
first, second and third grounds of the demurrer were that
the alleged payment was insufficient to remove the bar of
the statute of limitations as the payment was made after
the statute had run. The fourth and fifth grounds were
the same but applied to the account.

The court overruled the demurrer. The order was made
October 7, 1922.

Now, upon the day before the order on the demurrer was
made, and upon the same day the first demurrer was inter-
posed, the defendant, Coker, demurred to the replication as
amended. The amendment seems to have been in the fol-
lowing words, "and acknowledged said indebtedness in
writing duly signed by the defendant, J. Coker."

In the order overruling the demurrer, referred to above,
the court referred to the amendment in the following
words: "Upon argument of this demurrer the plaintiff
asked leave to amend his replication in order to show that
the *new* promise to pay renewing the action was in writing.
The same is allowed and is interlined in original replica-
tion." But the record shows no such amendment as the
court referred to; it merely alleged an acknowledgment of
the debt in writing.

The second demurrer referred to urged three grounds of
objection to the replication. In the first of these grounds
the pleader included the note marked Exhibit "A,", which
was not referred to either in the plea or replication, a pay-
ment upon which was made before the statute barred the
note. Nevertheless it was urged in this ground that the
declaration was "based upon a cause of action barred by
the statute of limitation, and the said Replication attempts
to set up a promise in writing by the Defendants to pay the
cause of action, copies of which are attached to the Declara-
tion as Exhibits A and B; whereas, the Declaration herein
declares upon the original indebtedness and not upon the

new promise." The second ground informs us that the declaration is upon "a promissory note and upon an account stated," but "the said Replication attempts to set up a promise to pay the same made by the said Defendants after the said cause of action became barred but the said promise is not alleged or set forth in the said Declaration." The third paragraph more concisely and clearly urges the same ground as to the entire declaration. The point sought to be presented probably being that the plaintiffs were guilty of a departure in pleading, because having declared upon the original obligation represented by the promissory notes and open account they could not shift their ground to a new promise based upon a recognition of the old debt in writing.

This demurrer was overruled on October 6, 1922.

The defendant then "extends this Demurrer as to the third ground thereof to the Replication of Plaintiffs to the First Plea of Defendant J. Coker's Second Amended Plea."·

The demurrer was then again overruled.

Then upon that date, October 6th, Coker filed his second amended plea. It consisted of the "First Amended" and "Second Amended." The "First Amended" averred that "Plaintiff's cause of action on the promissory note, a copy of which is attached to the Declaration filed in this cause as Plaintiffs' Exhibit A, the same being a note dated January 14th, A. D. 1914, and due four months after date; did not accrue within five years next before the institution of this suit." The "Second Amended" consisted of a plea of set-off consisting of money "due by the Plaintiff to the Defendant, J. ·Coker, for work done and material furnished" and in a like sum upon "an account before that time stated between the Plaintiffs and the Defendant."

Thereupon the plaintiffs on the same day interposed a replication to the "second amended plea that is the plea

which is unnumbered and which referred to note or exhibit "A" and reiterated the fact that a payment was made on the note by the defendant, Coker, "at the time in the declaration alleged" and then followed again the allegation of the legal conclusion that such payment "took the same out of the statute of limitation." Replying to the "said plea which is numbered 'Second' and every part thereof" the plaintiffs alleged that the set-off "if there was such a cause of action against them" "was long barred before the bringing of this suit or the filing of this plea." Then followed the allegation that these plaintiffs "say they never were indebted as is in said plea alleged."

This concluded the pleadings. At what issue the parties arrived it is difficult, if not impossible, to say. However, they announced ready for trial and six good and lawful men "were duly tried, selected, empaneled and sworn to try the issue joined."

Upon instruction from the court they returned the following verdict: "We the jury find for the Defendant, J. E. Glover. So say we all." They also returned another verdict, but not upon an affirmative instruction, as follows: "We the Jury find for the Plaintiffs Royal and Philips. Principal and interest in the sum of $788.81. Attorneys' fees $128.80. Total $917.61. So say we all."

Judgment was then entered against J. Coker in favor of the plaintiffs in that sum.

The defendant, Coker, took a writ of error.

It is apparent from the entire record that the theory of the case was that the liability existed against Coker only because of the payment by him on July 10, or 23, 1919, and that there was no liability against his co-defendant, Glover, who was jointly and severally liable with Coker upon the original obligations, because those obligations were not renewed as against Glover by the payment made on the date above stated.

It is also apparent that the debt represented by the notes plus the interest upon it less the payment made was adjudged to be due by Coker alone.

If that is true did not the plaintiffs recover upon a cause of action not set up in their declaration?

The declaration declared upon a joint and several liability or obligation against Coker and Glover. The evidence shows that upon the original obligations declared upon they were jointly and severally liable but in as much as Glover had not acknowledged such obligations either in writing or by payment of money upon them the statute of limitations extinguished them as to him. He did not flie any plea or demurrer in the cause, although he testified as a witness for the defendants, and the court, upon his motion, instructed the jury to return a verdict in his behalf. He did not deny his signature to the notes.

The payment by Coker of seven hundred dollars was applied by the plaintiffs to the extinguishment of the account and the remainder, $273.97, was applied equally upon the two notes. But at the time of payment one note had been barred by the statute but the other note had several months to run before being barred.

Section 2930, Revised General Statutes, provides that every acknowledgment of, or promise to pay, a debt barred by the statute of limitations must be in writing and signed by the party to be charged.

In the case of Cosio v. Guerra, 67 Fla. 331, 65 South. Rep. 5, this court said that a writing relied on to revive a debt already barred by the statute of limitations should be susceptible to an implication of a willingness to pay at all events or upon a contingency that has happened. "The old debt merely furnishes the consideration and the action must stand or fall by the terms of the new acknowledgment or promise." This language is in harmony with that used by this court in the case of Tate v. Clements, 16 Fla. 339, 26

Am. Rep. 709, as follows: "The new promise relied on is a new contract upon which the action is based, when it is sought to sustain it by evidence of a new promise, when, but for the new promise, the action would have been barred by the statute.  *  *  *

"The action of assumpsit is upon promises expressed or implied. A promise to pay a debt, if made within the statutory period before a suit is commenced, is a cause of action, the thing purchased being the consideration of the thing promised, and this is equally the case whether the promise be made on the day of the purchase, or after five years have run—there is no difference; the action must be upon the promise.

"All the cases declare that it is the new promise that avoids the operation of the statute, and is the contract upon which, if at all, a recovery can be had. The promise is, therefore, the "cause of action" upon which the plaintiff must rely to maintain this suit." See also Woodham v. Hill, 78 Fla. 517, 83 South. Rep. 717; Vinson v. Palmer, 45 Fla. 630, 34 South. Rep. 276.

There is in the case at bar the complication of an action based upon three distinct and independent promises to pay different sums of money at different times. When two of the promises were made a partnership existed between Coker and Glover; it had been dissolved when the account became due, was dissolved when the payment of seven hundred dollars was made by Coker.

The learned trial court rightfully held that the payment by Coker did not toll the statute of limitations upon the promise of Glover, as represented by the second note, nor did it amount to a new promise by him to pay the debt represented by the other note and account.

Now, the plaintiffs should have declared against Coker upon the second note and when to that count a plea of the statute of limitations was interposed should have applied

the payment upon the notes before action on it became barred, see Vinson v. Palmer, *supra,* and should have declared against Coker upon the new promise, if any,, to pay the debt represented originally by the first note and open account.

When the plaintiffs replied, however, to the defendant's plea of the statute of limitations they declared upon the new promise so far as the debt upon the first note and open account were concerned.

Parties litigant should so formulate their pleadings and the introduction of evidence as to conform to applicable common law forms of action. Woodham v. Hill, *supra.*

Overruling defendant's demurrer to the replication to the first and second amended pleas was error, therefore.

We have examined the evidence as to the alleged written acknowledgment or promise to pay the debts barred by the statute, at the time of such payment, and are of the opinion that the letter of Mr. Coker is not sufficiently clear as to the particular debt nor as to an unqualified promise to pay it. In fact plaintiffs introduced parol evidence to supply the deficiency in that regard appearing in the writing. This was over defendant's objection and was also error.

The judgment is therefore reversed.

WEST, C. J., AND WHITFIELD, BROWNE, TERRELL AND STRUM, J. J., concur.