142 So.2d 343 (1962)
Thaddeus Myrl KITCHENS, Appellant,
v.
Donald D. KITCHENS, Joyce F. Kitchens and David G. Hanlon, As Assignee for the Benefit of Creditors of Donald S. Kitchens and Joyce F. Kitchens, Appellees.
No. 2320.
District Court of Appeal of Florida. Second District.
May 25, 1962.
*344 G.C. Conner and Victor H. Eskenas, Miami, for appellant.
William L. Stewart of Stewart & Stewart, Fort Myers, for appellees.
SMITH, Judge.
The appellant was plaintiff in a mortgage foreclosure action against the appellees in which the court, by final decree, directed that the plaintiff's mortgage be cancelled and the cause dismissed.
Plaintiff, Thaddeus Myrl Kitchens, loaned his brother, Donald S. Kitchens, various sums of money at various times, the last being during the early part of 1953. The loans were made upon a verbal promise to repay. In April, 1958, Donald and his wife, Joyce, executed their promissory note to Thaddeus, due on demand, in the total amount of the previous loans, and they secured the note by their mortgage deed encumbering their homestead. The mortgage was recorded. Subsequently, Donald accumulated other creditors, and in the course of negotiations with the creditors with the view of selling the homestead property to satisfy his creditors, Thaddeus *345 executed a satisfaction of his mortgage and delivered it to Joyce. Thaddeus claims that the satisfaction was delivered to Joyce to deliver to an attorney, who was to handle a sale of the property, with the understanding that if the sale was not consummated, the satisfaction would be returned. Joyce contends that the satisfaction was delivered to her with the understanding that if the general creditors did not agree that Thaddeus was to receive the principal and interest due on his note, that then the satisfaction would be returned. All of the parties agreed that no monies were paid for the satisfaction, that the note and mortgage indebtedness had not been paid, and that there was a conditional delivery of the satisfaction, the dispute being as to what were the exact terms of the conditions of delivery. Thaddeus instituted suit to foreclose the mortgage and then Donald and wife made an assignment for the benefit of their creditors and conveyed the property encumbered by the mortgage to David G. Hanlon, as assignee for the benefit of the creditors of Donald and Joyce. They then delivered the unrecorded satisfaction to their assignee. The assignee intervened and answered, setting forth the affirmative defenses of failure of consideration and satisfaction.
Appellees contend that the facts of this case are controlled by the decision of Gabel v. Drewrys Limited, Fla. 1953, 68 So.2d 372, 39 A.L.R.2d 1083. In that case, Gabel was a bona fide purchaser for valuable consideration, holding an unrecorded mortgage. Subsequently, Drewrys received a mortgage on the same property, due on demand, to secure a pre-existing debt. The court held on those facts that there was not a definite extension of time for payment of an existing debt sufficient to support a mortgage as a bona fide purchaser for value; and since Gabel was an acknowledged bona fide purchaser for value of a mortgage, although not recorded, he was entitled to priority and preference over Drewrys, because they were not bona fide purchasers for value.
The record here does not show that any of the creditors existed as such at the time of the giving of the mortgage; and even if they had, creditors have no rights with respect to homestead property. Rigby v. Middlebrooks, 1931, 102 Fla. 148, 135 So. 563. A mortgage on homestead property cannot be impeached by creditors. Sneed v. David, 1938, 135 Fla. 271, 184 So. 865.
An assignment for the benefit of creditors made under Chapter 727, Florida Statutes, F.S.A., is purely a voluntary action of the debtor, and his assignee is not a purchaser for value of the assigned property. Scott v. National City Bank of Tampa, 1931, 107 Fla. 810, 139 So. 367. The assignee takes the property of the debtor subject to all equities to which it was liable. Shad v. Livingston, 1893, 31 Fla. 89, 12 So. 646.
Upon the above authority, we conclude that neither the mortgage holder, Thaddeus, nor the assignee, Hanlon, were bona fide purchasers for value and the issues in this cause must be determined as they existed between the mortgagors, Donald and Joyce, on the one hand, and the mortgagee, Thaddeus, on the other.
The record establishes, without controversy, that Donald orally promised to pay the debt from year to year during the time that it existed and prior to the execution of the note and mortgage. These oral promises avoid the operation of the Statute of Limitations, and they constitute a new cause of action upon which Thaddeus could rely. Even if the promise to pay the debt was barred by the Statute of Limitations, the note and mortgage constitute a writing, thus meeting the requirements of the Statute of Frauds, § 95.04, Florida Statutes, F.S.A., and the debt was thereby revived. Coker v. Phillips, 1925, 89 Fla. 283, 103 So. 612. Therefore, there was a pre-existing debt constituting sufficient consideration to support the mortgage. Ocklawaha River Farms Co. v. Young, 1917, 73 Fla. *346 159, 74 So. 644, L.R.A. 1917F, 337; Jones on Mortgages, 8th Ed., Vol. I, § 574, p. 767.
The defendants contend that parol evidence is not admissible to prove the conditional delivery of the satisfaction, citing Haworth v. Norris, 1891, 28 Fla. 763, 10 So. 18. As was noted in Hensley Insurance Company v. Echols, 1947, 159 Fla. 324, 31 So.2d 625, the Haworth decision was applied in a transaction between strangers and is not applicable to a transaction between the parties such as we have here. The general rule is that a conditional delivery or execution of a writing may be shown by parol. 20 Am.Jur., Evidence, § 1095, page 956. In Chappell v. A.C. Hasche Realty, Fla.App. 1957, 98 So.2d 808, Judge Kanner analyzed many decisions in sustaining this rule.
Having determined that parol evidence is admissible to establish the conditional delivery of the satisfaction, we must now examine this evidence to determine whether or not there was any evidence upon which the court could have found that the satisfaction was delivered without a condition precedent. As previously noted, Joyce testified that the satisfaction was delivered to her with the understanding that if the general creditors did not agree that Thaddeus was to receive the principal and interest due on his note, that then the satisfaction would be returned. Thaddeus testified that the satisfaction was delivered to Joyce to be delivered to an attorney to have in the event of a sale of the property with the understanding that if the sale was not consummated, the satisfaction would be returned. No consideration was paid for the satisfaction and the note and mortgage indebtedness has not been paid. Even if the chancellor accepted in full the testimony of Joyce and rejected in full the testimony of Thaddeus, the uncontroverted testimony thereby remaining establishes a condition precedent relating to the delivery and taking effect of the satisfaction. Irrespective of which condition actually existed, neither was fulfilled so that the satisfaction was never delivered and it never became a valid instrument. For an analysis of comparable cases, see Chappell v. A.C. Hasche Realty, supra.
The decree is reversed with directions to enter a decree of foreclosure in favor of the plaintiff.
ALLEN, Acting C.J., and KANNER, J., concur.