SPECTOR, Chief Judge.
Appellant seeks reversal of a final judgment entered pursuant to appellees’ motion for a directed verdict in an action seeking indemnification by the appellant surety company.
Appellees were principals in a corporate contracting firm. From time to time surety bonds were required to be furnished by the firm in connection with its bids for work on various construction projects. Apparently, Pan American Surety Company furnished the required bonds upon request therefor by appellees’ construction firm over a period of time prior to the incident or transaction giving rise to appellant’s claim in the instant action.
The indemnity agreement underlying this cause was executed by appellees on October 15, 1960. Appellant contends that by virtue of that indemnity agreement, appellees are liable for losses incurred by the surety on bonds issued prior to the execution of the agreement as well as thereafter. However, one of the appellees testified that they executed the indemnity agreement only on condition that the surety company would issue an acceptable bond on a job to be done on the Sapp School in Deland, Florida. The evidence before the trial court shows that such bond, the issuance and acceptance of which was a condition to execution and delivery of the indemnity agreement, although written by the surety was not acceptable to the general contractor on the Sapp job who refused and returned the same to the surety. The evidence further shows that appellees’ *279 company thereafter obtained a bond from another surety company and executed an indemnity agreement to that company with respect to that bond. On this evidence, the trial court was amply justified in find-, ing as it did that the indemnity agreement forming the basis of appellant’s claim was conditionally delivered. That holding is fully in accord with the general rule that a conditional delivery or execution of a writing may be shown by parol. 20 Am. Jur., Evidence, Section 1095. Chappell v. A. C. Hasche Realty, 98 So.2d 808 (Fla.App.1957), and Kitchens v. Kitchens, 142 So.2d 343 (Fla.App.1962). Accordingly, there is no merit to appellant’s contention that the defense of conditional delivery is unavailable to appellees because it rests on parol evidence.
In view of our ruling on this issue alone, it becomes unnecessary to consider the remaining points raised by appellant.
The judgment reviewed herein is therefore affirmed.
JOHNSON and WIGGINTON, JJ., concur.