296 So.2d 534 (1974)
Angel Fernando TAMARGO Y DIAZ, Appellant,
v.
PAN-AMERICAN LIFE INSURANCE COMPANY, a Louisiana Corporation, Appellee.
No. 73-1276.
District Court of Appeal of Florida, Third District.
April 30, 1974.
Rehearing Denied July 15, 1974.
Horton & Perse, Acosta & Duran, Miami for appellant.
Sam Daniels, Miami, for appellee.
Before PEARSON, CARROLL and HENDRY, JJ.
CARROLL, Judge.
The appellee Pan-American Life Insurance Company, a Louisiana corporation, through an office it maintained in Cuba, issued a policy (No. 379-118) on September 17, 1943, to the appellant who then was a citizen of Cuba. Subsequently the insured emigrated to this country.
The policy was for the amount of $5,000, with provision for payment as follows:
"Pan-American Life Insurance Company, New Orleans, U.S.A., obligates *535 itself to pay the amount of Five Thousand Dollars twenty years after the date of same, to Angel Fernando Tamargo Y Dial the insured, if living, and this policy being in force; or, if the insured dies before said period, to the beneficiary named in the Settlement Agreement, which is currently dated and which is attached and forms a part of this policy."
The policy made provision for payment of premiums, and for payment to the insured of the cash surrender value, in amounts set out in a schedule therein, from the third year of the policy to its maturity.
The policy matured on September 17, 1963, at which time, as above disclosed, the insurer became obligated to pay the insured the said sum of $5,000. The statute of limitations applicable to that obligation was five years.
Some time in the first half of 1968 the insured made demand upon the company to pay him the $5,000 as the "cash surrender value." On June 7, 1968, the company addressed a letter to the insured, in response to his demand, in which it informed the insured as to the amount due him on the policy, and that it was payable "at a rate of 20 cents per peso," and stating: "If you wish to liquidate your policy on this basis the present value in dollars is $1,389.73." The insurer's letter added: "We need the following," listing (1) a notarized statement that payment had not been received from the Cuban government, etc., (2) that an attached delivery form be filled out, and (3) the surrender of the policy. The concluding paragraph of the letter stated: "As soon as we receive the documents requested on Policy No. 379-118 we will give immediate attention to this matter."[1]
It sufficiently appeared from that letter that the insurer recognized and affirmed its obligation following maturity of the policy, and announced its willingness to pay to the insured the amount to which he was entitled thereunder. The statute of limitations thereby was tolled. Kitchens v. Kitchens, Fla.App. 1962, 142 So.2d 343, 345; 21 Fla.Jur., Limitation of Actions, §§ 73, 74. Cf. Woodham v. Hill, 78 Fla. 517, 83 So. 717, 719.
Whether the amount due was to be paid in full in dollars, or in a reduced sum equated from Cuban pesos [a question that is not involved here, and upon which we *536 express no opinion], was not material to the right of the plaintiff to receive, and the obligation of the insurer to pay, whatever should be determined to be the amount properly payable to the insured on maturity of the policy.
The fact that the plaintiff, in seeking to recover the amount payable on the matured policy, claimed and designated it as the "cash surrender value" thereof is immaterial. The complaint stated facts showing the insured to be entitled to payment of the proceeds of the policy as contracted for therein upon its maturity, and every complaint is considered to contain a prayer for general relief.
Both parties moved for summary judgment. The plaintiff's motion was denied and the defendant's motion was granted. Summary judgment was entered in favor of the defendant, and the plaintiff appealed.
Appellant contends those rulings were erroneous, and that the court erred in holding as a basis for granting summary judgment to the defendant, that the appellant's asserted right of action to recover the proceeds of the policy was barred by the five-year statute of limitations.
We hold the appeal has merit. The insurer's letter of June 7, 1968 tolled the running of the statute of limitations. The conditions contained in the letter, as revealed above, were not such as to preclude it from tolling the statute. In effect, they were comparable to the requesting of a receipt or satisfaction documents. It was error to grant summary judgment for the defendant.
Likewise, we hold it was error to deny the motion of the plaintiff for summary judgment, where the defendant, by its said letter had acknowledged the maturity of the policy, informed the insured of the amount he was entitled to receive thereunder and indicated willingness to proceed with payment thereof upon receiving a return of the policy and documents in satisfaction thereof which it considered necessary for its protection upon payment.
On the record the plaintiff was entitled to summary judgment on liability for the conceded and established unitary amounts payable on the policy, leaving only for further determination in the cause the question of whether the proceeds of the policy were to be paid at a hundred cents on the dollar or in a lesser amount upon and equivalent to the value of Cuban pesos.
For the reasons stated, the summary judgment in favor of the defendant is reversed, and the cause is remanded to the circuit court for further proceedings to determine the amount payable to the plaintiff on the matured policy, and for entry of judgment therefor in favor of the plaintiff.
It is so ordered.
NOTES
[1] The insurer's letter of June 7, 1968, contained the following: "Policy No. 379-118 was originally issued for $5,000.00 on September 17, 1943 by this company through the branch office which it previously had in Cuba. You nevertheless executed a monetary agreement in 1952, which reads as follows: `In consideration of the fact that Pan American Life Insurance Company accepts that the payment of the premiums of the mentioned policies, according to titles, is made in Cuban currency and in the Republic of Cuba, instead of making said payments in New Orleans, Louisiana, in dollars of the United States of America, it is requested that my policy be amended in such manner that all the premiums, benefits, and claims, payable in accordance with its terms, be due and payable in the national currency of the Republic of Cuba in Havana, Cuba, on the basis of one peso for every dollar payable under the contract, and it is agreed that as soon as the Pan American Life Insurance Company receives this request, it will become integral part of the contract celebrated between the undersigned and the Company'.

"Therefore this policy is a Cuban contract, payable in the currency of Cuba in the city of Havana.
"According to our records, the premiums of this policy were paid until September 17, 1961. In calculating the present value of this policy, we collect the matured premiums of September 1961 and 1962 as an automatic premium loan. Consequently, the value of your policy on September 17, 1963 (date of its maturity), would have been:

 Value upon maturity of the
 policy Ps. 5,000.00
 Accumulated coupons + 442.10
 Maturity value of the bonds of + 1,230.15
 perseverence
 Loan pending - 634.27
 ____________
 total value upon maturity Ps. 6,037.98

"The value upon maturity with interests accumulated at 3% compounded annually as stipulated in the contract, from the date of maturity to the present date, is of Ps. 6,948.65"