In re INTERNATIONAL FOOD
CORPORATION OF
AMERICA, Debtor.

Elias Moran AROSEMENA, not individually, but as Curador of Florida Peach

Corporation of America, International Division of the United States of America, Plaintiffs,

v.

STICHTER & RIEDEL, P.A., Rogers Towers, Bailey, Jones & Gay, P.A. and James E. Thomas, Trustee, Defendants.

Bankruptcy No. 82–884–8P1.
Adv. No. 82–702.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 2, 1988.

Chester J. Trow, Ocala, Fla., for James Thomas, trustee.

Jeffrey Warren, Tampa, Fla., for Elias Moron Arosemena, as curator of Florida Peach Corp. of America, Int. Div.

Don Stichter, Tampa, Fla., for Stichter & Riedel.

Richard Mitchell, Washington, D.C., for USA.

Samuel L. LePrell, Jacksonville, Fla., for Rogers, Towers, Bailey, Jones & Gay, P.A.

ORDER ON CROSS MOTIONS FOR
SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon cross motions for summary judgment in this adversary proceeding. The motions for sum-

mary judgment are filed by intervenor Elias Moran Arosemena (Arosemena), not individually, but as Curador of Florida Peach Corporation of America, International Division (FPCAID) and by James E. Thomas, C.P.A., (Thomas) as Trustee, one of the defendants in this adversary proceeding. The Motion of Arosemena was severed as to Stichter & Riedel and Rogers, Towers, Bailey, Jones & Gay, P.A., the other defendants named in the above captioned adversary proceeding. It is the contention of both Arosemena and Thomas that there are no genuine issues of material fact and that the issues involved may be resolved as a matter of law without the necessity of a trial.

While the background of this adversary proceeding is quite complex, a brief summary of the facts should be helpful. Florida Peach Corporation of America, International Division, (FPCAID), a Debtor in a separate Chapter 11 case, was originally founded and incorporated in the Republic of Panama by Robert Lurie in or about 1972. Lurie was the president and principal officer of FPCAID. In a series of transactions over several years FPCAID acquired several parcels of real property located in Central Florida. In 1974 or 1975 Lurie also formed International Food Corporation (IFC) in the Republic of Panama. Just as in the case of FPCAID, Lurie was the president and principal officer of IFC. It is undisputed that IFC never engaged in any ongoing business enterprise in the orthodox sense, had no known shareholders other than Lurie and possibly his wife, and issued no actual stock certificates. It is further undisputed that IFC owned no assets until 1981 when FPCAID transferred all of its real estate holdings to IFC, through several other entities which were all formed and controlled by Lurie.

It further appears that in addition to FPCAID and IFC and the other entities, all serving as conduits for the transfers which ultimately placed title in IFC, Lurie also formed Florida Peach Corporation, a Florida Corporation (FPC). FPC was formed for the ostensible purpose of functioning as an operating company in charge of the maintenance and operation of the land holdings of FPCAID, ultimately transferred to IFC, designed by Lurie to be developed as peach orchards. This was the particular venture in which Lurie sold proportional interests to a large number of European investors, some of whom ultimately instituted the involuntary bankruptcy proceeding against FPCAID in the Republic of Panama. This is the bankruptcy case in which Dr. Arosemena was appointed under the Panamanian bankruptcy laws to act as curador for the estate of FPCAID. The office of curador under Panamanian law is equivalent to the office of a bankruptcy trustee.

In 1980 FPC, the Florida corporation, filed a voluntary Chapter 11 petition in the Jacksonville Division of the Middle District of Florida. During the pendency of that Chapter 11 case FPCAID, purportedly acting as Trustee (sic) for the so called "FPCAID planting program," whatever this was intended to mean, and also in its individual corporate capacity executed a mortgage and a promissory note in favor of Mr. Thomas, one of the defendants involved in this adversary proceeding. It is without dispute that Mr. Thomas, who was the accountant for Mr. Lurie, acted in his capacity as self appointed Trustee for the class of unsecured creditors of FPC. It appears the note and the mortgage which was executed in the principal amount of $405,585.50, which represented claims of unsecured creditors who were involved in the FPC Chapter 11 case, was executed as part of FPC's attempt to obtain a class of unsecured creditors' consent represented by Mr. Thomas to the plan of reorganization proposed by FPC. As part of this transaction, the class of the unsecured creditors waived their right to challenge the validity of a mortgage granted by FPCAID, i.e., by Lurie to his wife Elizabeth Manning. (Exh. C to Thomas Mortgage, 14(d)) There is no doubt and it was clearly understood by all that the obligation, at least partly represented by the note and the mortgage, were expressly conditioned upon FPC's ability to obtain a confirmation of its plan of reorganization. As

is stated in Exhibit C, paragraph 14c of the mortgage:

It is expressly understood by and between the mortgagor and mortgagee that this mortgage, and the note secured hereby, are given by the mortgagor as interim security for the claims of Class 10 Unsecured Creditors of Florida Peach Corporation, as designated in the Amended Plan of Reorganization filed in Bankruptcy No. 80–111–BK–J–GP, styled: In Re Florida Peach Corporation, for the purpose of inducing Maxwell W. Wells, Jr., Trustee, to completely fund a loan commitment to said debtor of $150,000, or such part thereof as is required by said debtor to harvest and market its 1981 peach crop. In the event that said debtor successfully causes a plan of reorganization to be confirmed in the above-referenced proceeding, which provides no less collateral, as security for the claims of said class, than is provided hereby, this mortgage, and the note secured hereby, shall be modified to comply with the terms of such plan, and, if necessary, to comply with the terms of such plan, a renewal note or replacement note or notes shall be issued in replacement of the note secured hereby.

FPC was unable to obtain a confirmation of any of its plans of reorganization and on February 22, 1982, its Chapter 11 case was dismissed.

The matter under consideration was presented in the context of an adversary proceeding originally commenced by IFC, who sought an Order authorizing the sale of all or some of its land holdings, free and clear of all liens and encumbrances including the mortgage liens claimed by Stichter & Riedel, P.A., Rogers, Towers, Bailey, Jones & Gay, P.A. and James E. Thomas. Shortly after the commencement of the adversary proceeding, Dr. Arosemena filed a motion to intervene. This motion after notice and a hearing was granted. In due course Arosemena filed an original, and then subsequently an amended, counterclaim against the Debtor and also cross-claims against all the named defendants including Thomas. In his cross-claim Arosemena sought declaratory judgment determining that the transfers to IFC of the real properties the Debtor attempted to sell free and clear of the liens of the other defendants named in the complaint, Stichter & Riedel, P.A., Rogers, Towers, Bailey, Jones & Gay, P.A. and James E. Thomas, as Trustee, were fraudulent as to creditors of FPCAID and, therefore, should be set aside and voided pursuant to both a statute of The Republic of Panama which deals with fraudulent conveyances and also Chapter 726 of the Florida Statutes, the fraudulent conveyance Statute of this state. In his cross-claim Dr. Arosemena also contended that if the conveyances of the real property to IFC were ultimately determined to be fraudulent, then the mortgage liens claimed by Stichter & Riedel, P.A., Rogers, Towers, Bailey, Jones & Gay, P.A. and James E. Thomas, as Trustee are equally voidable and because their interest of record represents a cloud on the title, these interests should be declared to be void and unenforceable. The fraudulent transfer claim asserted by Dr. Arosemena was ultimately tried and on January 3, 1986, this Court entered a Final Judgment declaring that the transfers of the real properties to IFC were fraudulent; that title to the properties involved was to be revested and declared to be the properties of FPCAID; that the Court shall reserve jurisdiction to address Count IV of the counterclaim and the cross-claims of Arosemena, specifically whether the properties revested in FPCAID are subject to intervening liens, including the mortgage lien claimed by Thomas.

Subsequently, Thomas, as Trustee, filed a Second Amended Third Party Complaint for Declaratory Judgment against FPC, FPCAID, IFC, Arosemena, and the U.S. Government, who claims to have numerous tax liens on all real property involved and revested in FPCAID. It is without dispute that these tax liens were recorded subsequent to the execution, delivery, and recording of the Thomas mortgage. At present, Thomas, as Trustee, seeks a determination by this Court as to the validity and priority of its mortgage lien. Dr. Arosemena seeks an Order from this Court

determining that the title of FPCAID to the property revested from IFC should be forever quieted against any and all rights, title or interest of any parties, including the mortgage lien claimed by Thomas.

It is the contention of Thomas, as Trustee, that because FPCAID executed the note and mortgage individually as an accommodation maker and the note and mortgage were recorded, Thomas has a valid mortgage lien and should be permitted to foreclose his mortgage on the subject property. This is so, according to Thomas, because FPCAID's execution of the note and mortgage in its individual capacity was not conditioned on confirmation of FPC's Plan of Reorganization. For this reason, Thomas argues that it has a binding and valid obligation properly secured by the mortgage lien.

In opposition, Arosemena contends first that the granting of the mortgage to Thomas was never approved by the Bankruptcy Court and that even assuming no court approval was necessary, there was no underlying consideration which would support the note and the mortgage. Based on the foregoing, Arosemena contends that the mortgage of Thomas should be declared null and void; that the claims of unsecured creditors for whom Thomas acted as Trustee never had any valid claims against FPCAID thus the mortgage lien claimed by Thomas is not supported by any consideration; and therefore it is unenforceable against the real property now owned by FPCAID. It should be noted at the outset that FPCAID did not need court approval to grant the mortgage simply because at that time it was not a debtor involved in the Jacksonville Chapter 11 case. Next it is also true that there is authority to support the proposition that lack of new consideration is not necessarily fatal to the enforceability of a mortgage lien granted by the mortgagor to secure the debt of another. *Kitchens v. Kitchens,* 142 So.2d 343 (Fla. 2d DCA 1962) Nevertheless, whether the mortgage was or was not supported by consideration, this Court is satisfied that the mortgage was granted to Thomas by FPCAID without doubt contingent on the confirmation of a plan of FPC.

Since no plan of reorganization was ever confirmed the condition precedent to the effectiveness of the Thomas mortgage never occurred.

Having considered the record and the respective contentions of Dr. Arosemena and Thomas, this Court is satisfied that Dr. Arosemena is entitled to prevail against Thomas as Thomas has no enforceable interest in the subject property, and the Motion for Summary Judgment filed by Arosemena should be granted in his favor.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by James E. Thomas be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Arosemena be, and the same is hereby, granted and a separate final judgment shall be entered in accordance with the foregoing.