HARRIS, Chief Judge.
The dispositive issue in this case is whether Susan Nolden’s debt (evidenced by a promissory note), barred by the statute of limitations, was revived under the provisions of section 95.04, Florida Statutes:
An acknowledgment of or a promise to pay a debt barred by the statute of limitations must be in writing and signed by a person sought to be charged.
In this case, after the debt was barred, Mrs. Nolden filed in a domestic case an affidavit signed by her acknowledging responsibility for the debt and asking the court to allocate the responsibility as between her and her husband for payment of the debt.
Although she admits the acknowl-edgement of the debt, she asserts that the debt should not be revived because that was not her intent. In addition, she urges that since she did not deliver the affidavit to her creditor, the debt should not be revived.
We cannot find from the short, unambiguous revival statute a requirement of either a specific intent to waive the statute of limitations or a delivery of the acknowledgment to the creditor. We also find that the amount of the judgment entered in this case (against only Mr. Nolden) is not supported by the record. On remand, the trial court should review the amount of the award.
We reverse the judgment in favor of Susan Nolden and remand to the trial court for further proceedings consistent with this opinion.
W. SHARP, J., concurs.
GRIFFIN, J., concurs in part and dissents in part, with opinion.