**In re Marguerite Nesbitt STEWART, Debtor.**

**Bankruptcy No. 97–4248–BKC–3F3.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Dec. 18, 1997.

Clive N. Morgan, Jacksonville, FL, for Debtor.

Lance D. Cohen, Jacksonville, FL, for Richard Barker, Inc.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This Case is before the Court on an Objection to Proof of Claim One filed by Marguerite Nesbitt Stewart ("Debtor"). (Doc. 18). Richard D. Barker, Inc. ("Claimant") filed a Response. (Doc. 22). On October 29, 1997, a hearing was held on the Objection to the Claim. Based upon the evidence before the Court, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

The facts of this Case are not hotly contested. On October 18, 1984, Charles A. Stewart and Marguerite A. Stewart, his wife, executed and delivered a Mortgage and Mortgage Note to Richard D. Barker, Inc. ("Claimant"). (Debtor's Ex. 1). The Mortgage was recorded in Official Records Volume 5870, Page 1755, of the current public records of Duval County, Florida. The Mortgage Note provided for payments of $50.00 a month beginning on November 18, 1984 and continuing monthly until December 18, 1986 with the entire principal balance in the amount of $4,363.64 to be due and payable on January 18, 1987.

The Debtor made two $50.00 payments on the Note in late 1984 and early 1985. Neither the Debtor nor her husband made any payments to the Claimant of either principal or interest on the Note between January 18, 1987 and September 15, 1995. Richard D. Barker testified that he felt sorry for the financial situation the Debtor found herself in, as Charles Stewart had died, and he made little to no effort to collect the Note until sometime in 1995 when he began calling the Debtor and requesting payment.

On or about September 15, 1995, the Debtor sent Richard D. Barker a check for $25.00, with a handwritten note, signed Marguerite Stewart, which read: "I greatly appreciate your patience. The $25.00 payment is enclosed." (Claimant's Ex. 2). On January 29, 1996, the Debtor applied for a Mortgage with Neighborhood Housing Services of Jacksonville, Inc. The Mortgage Application, signed

by the Debtor, asked for the name of any secured party to the real property, to which the Debtor responded that Richard D. Barker, Inc. held a Mortgage on the real estate. (Claimant's Ex. 3).

Debtor filed a Voluntary Chapter 13 Petition in this Court on June 3, 1997. (Doc. 1). Claimant filed a Secured Proof of Claim in the amount of $11,800.00 on June 20, 1997. On July 25, 1997, Debtor filed an Objection to Claimant's Proof of Claim (Doc. 18), stating that the Note and Mortgage attached to Claimant's Proof of Claim (1) do not support the Claimant's assertion that it is a secured creditor and (2) indicate that the maturity date for the transaction was January 18, 1987, and in accordance with the limitations period set in Florida law, the Note and Mortgage are unenforceable and any security interest claimed has been terminated by operation of law. The Claimant contends that the Claim is valid and not barred by any limitation. (Doc. 22).

### CONCLUSIONS OF LAW

This Court is called upon to decide the preliminary issue as to whether it can determine the extent and validity of a Mortgage in the context of an Objection to Claim. Federal Rule of Bankruptcy Procedure 3007, entitled Objections to Claims, states in pertinent part, "[i]f an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." Fed.R.Bankr.P. 3007 (1997). Federal Rule of Bankruptcy Procedure 7001(2) defines as an adversary proceeding, a proceeding "to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d)." Fed.R.Bankr.P. 7001(2) (1997). In this Case, the Objection to Claim raises the issue of the extent and validity of the Mortgage and Mortgage Note.

■ Although the Court finds that the Objection to Claim is not the proper method or procedure by which to determine the validity, priority, or extent of lien, and an ad-

versary proceeding would be required by Federal Rule of Bankruptcy Procedure 3007 and 7001, the parties stipulated at the Hearing on the Objection that any deficiencies in procedure were duly waived. In the interest of judicial economy, the Court will address the matters at hand.

■ The Court is called upon to determine whether the Mortgage and Mortgage Note are unenforceable by virtue of the fact that the statute of limitations has expired or whether the Mortgage and Mortgage Note have been reinstated by the writings of the Debtor. Florida law governs this controversy as this is a debt and a contract action in Florida. Florida Statute ch. 95.11(2)(b) provides for a five year statute of limitations for "a legal or equitable action on a contract, obligation, or liability founded on a written instrument." Fla.Stat. ch. 95.11(2)(b) (1997). Florida Statute ch. 95.11(2)(c) provides for a five year statute of limitations for "an action to foreclose a mortgage." Fla.Stat. ch. 95.11(2)(c) (1997). Additionally, Florida Statute ch. 95.281(1)(a) states that "[t]he lien of a mortgage or other instrument encumbering real property, herein called mortgage ... shall terminate after the expiration of the following periods of time .... If the final maturity of an obligation secured by a mortgage is ascertainable from the record of it, 5 years after the date of maturity." Fla.Stat. ch. 95.281(1)(a) (1997). The maturity date of the Mortgage Note was January 18, 1987. The Court finds that no question of fact exists and that as a matter of law this action had a five year statute of limitations, which ran on January 18, 1992; therefore, as of that date the debt and lien became unenforceable.

Although the statute of limitations in this action ran on January 18, 1992, which rendered the debt and lien unenforceable, the Claimant argues that Florida law provides for the maintenance of this Claim outside of the statute of limitations, based upon two separate writings by the Debtor.[1] Florida

---

1. Although not argued by the Claimant in its post-hearing memorandum, the Court finds that there was not enough evidence at the hearing to prove that there was a tolling of the statute of limitations by any statement, writing, or part payment by the Debtor pursuant to Fla.Stat. ch. 95.051. The only issue that is before the Court is whether a time barred debt can be revived by the

Statute ch. 95.04 provides that "an acknowledgement of, or promise to pay, a debt barred by a statue of limitations must be in writing and signed by the person sought to be charged." Fla.Stat. ch. 95.04 (1997).

The courts' interpretations of this statute are few and murky at best. In 1919, the Florida Supreme Court addressed the issue of the "acknowledgement" required under the statute in *Woodham v. Hill*, 78 Fla. 517, 83 So. 717, 718 (1919), stating "[a] writing for the purpose of showing the acknowledgement of or promise to pay a debt barred by the statute of limitations must be certain, definite, and an acknowledgement of the existence of such indebtedness and a willingness to pay the same." The *Woodham* Court went on further to add that "[a] mere writing inclosing a check of no stated amount, and for no purposes stated in such letter, and in no way referring to the debt or account set out in the bill of particulars, upon which plaintiffs sued, is not such an acknowledgment of or promise to pay as is required by the statute." *Id.* Further defining the acknowledgment of the debt, the Florida Supreme Court attempted to clarify this issue, in *Jacksonville American Pub. Co. v. Jacksonville Paper Co.*, 143 Fla. 835, 197 So. 672, 676 (1940) (citing 17 R.C.L. 923, Sec. 285), finding that "no distinction can be made on principle between a written acknowledgement and part payment. In the case of the written acknowledgment, express recognition of the existing indebtedness and an intention to revive it is shown; while, in the case of part payment, the recognition and intent to revive is an inference the law raises from the part payment."

Most recently, in *Nolden v. Nolden*, 650 So.2d 84,85 (Fla. 5th D.C.A.1995), interpreting Fla.Stat. ch. 95.04, the Fifth Circuit District Court of Appeals took a more liberalized view of the statute, stating that "[w]e cannot find from the short, unambiguous revival statute a requirement of either a specific intent to waive the statute of limitations or a delivery of the acknowledgement to the creditor." In *Nolden*, the court found that after the debt had been barred by the statute of limitations, the defendant who filed an affidavit in a domestic case signed by her acknowledging responsibility for the debt and requesting that the court allocate the responsibility between her and her husband for payment of the debt constituted an acknowledgement under Fla.Stat. ch. 95.04. *Id.*

■ In the Case at bar, the Debtor signed two independent writings. First, in 1995, after the expiration of the statute of limitations, the Debtor sent the letter to the Claimant dated 9/15/95, stating "I greatly appreciate your patience. The $25.00 payment is enclosed. Thanks.", signed Marguerite Stewart with a notation that $25.00 was enclosed. (Claimant's Ex. 2). Second, in 1996, the Debtor filled out a Neighborhood Housing Services of Jacksonville, Inc. application in which she listed the Claimant as holding a mortgage.

The Court finds that neither document standing alone can revive the debt. First, as to the letter, although the Debtor made a partial payment on the debt, she did not specifically state the purpose of the payment. This letter, similar to the letter examined in *Woodham*, does not constitute an acknowledgment under the statute. Although *Jacksonville American Pub. Co.* found that with a payment a court can infer an intent to repay, the initial requirement of acknowledgement must be met, and a letter enclosing a check for no stated purpose does not meet that requirement. Additionally, the Court finds that the letter enclosed with the check is open to several interpretations, and in order for this Court to find that the Debtor intended to acknowledge the debt and to revive the debt some three or four years after the statute of limitations had run, the Court would require more concrete evidence. The Court refuses to draw that inference based on such vague language contained in a letter. Furthermore, the application, although it may recognize the existence of a past debt, unlike the affidavit found in *Nolden*, does not claim responsibility for it or acknowledge the amount.

Therefore, the Court does not find that either writing standing alone or taken as a whole can revive the debt. The Court finds

writings of the Debtor pursuant to Fla.Stat. ch. 95.04.

the operative facts in this Case are that the Mortgage and Mortgage Note were entered into on October 18, 1984 and that the date of the last payment by the Debtor prior to the September 15, 1995 $25.00 payment was in early 1985, some ten years prior. The Court finds that under the strict interpretation of Fla.Stat. ch. 95.04 the debt was barred and rendered unenforceable by the statute of limitations and that the two writings by the Debtor, so long after the running of the statute of limitations, do not constitute an acknowledgement under the statute in order to revive the debt.