In re Ruben L. R. EL–AMIN, Debtor.

Ruben L.R. EL–AMIN, Plaintiff,

v.

STOCKTON, WHATLEY, DAVIN & COMPANY, n/k/a BancBoston Mortgage Corporation, a Florida corporation, Defendant.

Bankruptcy No. 87–1161–BKC–3P7.
Adv. No. 88–126.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Nov. 18, 1988.

Ruben L.R. El-Amin, Jacksonville, Fla., pro se.

George T. Morrison, Jacksonville, Fla., for defendant.

### ORDER DISMISSING COMPLAINT WITH PREJUDICE

GEORGE L. PROCTOR, Bankruptcy Judge.

This cause having been heard upon the Motion to Dismiss Complaint with Prejudice filed by the defendant, Stockton, Whatley, Davin & Company, now known as BancBoston Mortgage Corporation, a Florida corporation ("BBMC") and the Court having heard arguments of Ruben L.R. El-Amin, the plaintiff herein appearing before this Court pro se, and arguments of counsel for BBMC, and being otherwise fully advised in the premises, the Court hereby finds and determines that:

1. On July 27, 1987, the plaintiff voluntarily filed for relief under Chapter 7 of Title 11 of the United States Code. Plaintiff listed as an asset on his Schedule B the "House at 2439 Horne Street, Jacksonville, Florida 32209" (hereinafter "Property"). The Property is also listed as exempt property on the Statement of Intention and on Schedule B-4. BBMC is listed on debtor's Schedule A-2 as a creditor holding a security interest in the Property.

2. BBMC was the holder of a properly perfected mortgage on the Property ("Mortgage") prior to the commencement of the captioned bankruptcy proceedings as shown by the Summary Final Judgment of Foreclosure (the "Judgment") attached as "Exhibit B" to the plaintiff's complaint.

3. Plaintiff obtained a discharge from the bankruptcy proceeding on November 16, 1987. Four months later, on March 1, 1988, BBMC obtained the Judgment in the Circuit Court in and for Duval County, Florida, in Civil Action No. 87–4218–CA, wherein the Mortgage was foreclosed and BBMC took title to the Property.

4. Plaintiff commenced adversarial proceeding number 88–126 on June 9, 1988. Plaintiff insists that because the property in question was listed as exempt property on the debtor's schedules, BBMC was required to contest the exemption in order to retain its lien on the mortgaged property. BBMC did not contest the exemption and, according to the plaintiff, the Mortgage lien was extinguished when the debtor received his discharge. Thus, plaintiff argues it was improper for BBMC to foreclose the Mortgage and take title to the Property.

5. Pursuant to 11 U.S.C. § 506(d)(2), a secured claim passes unaffected through bankruptcy proceedings brought under Chapter 7 of Title 11 of the United States Code. Therefore, a secured creditor with a perfected lien in property need not object to the exemption claimed by a debtor in order to protect its lien. One of the options of a secured creditor in Chapter 7 proceedings is to wait until the proceedings are complete and enforce it lien in state court solely against the collateral. *See Lindsey v. Federal Land Bank of St. Louis*, 823 F.2d 189 (7th Cir.1987); *Tarnow v. Commodity Credit Corporation*, 749 F.2d 464 (7th Cir.1984).

6. BBMC has the option to participate in the bankruptcy case, including objecting to the exemption of the Property. However, there is no legal requirement mandating BBMC to participate as a prerequisite to continuing to maintain its contractual rights in the Property, including its lien. This Court does not find that BBMC improperly pursued its remedies in the state court by foreclosing the lien of the Mort-

gage or taking title to the Property after the debtor had received a discharge. The discharge covered only the personal liability of the plaintiff, and the debt was extinguished at the time of discharge. However, pursuant to 11 U.S.C. § 506, and as supported by the authorities mentioned in this Order, the lien of the Mortgage survived the bankruptcy case. Accordingly, it is

ORDERED as follows:

1. Motion to Dismiss Complaint with Prejudice is GRANTED;

2. The complaint of the plaintiff is dismissed with prejudice with each party assuming its costs.