**In re OPTICAL TECHNOLOGIES, INC., Recomm Enterprises, Inc., Recomm Operations, Inc., Recomm International Display Corp. Ltd., Automated Travel Center, Inc., Recomm International Display Corp., Recomm International Display, Ltd., Recomm International Corp., Debtors.**

Nos. 96–00805–8P1, 96–01200–8P1, 96–01201–8P1, 96–1202–8P1, 96–1203–8P1, 98–2134–8P1, 98–2135–8P1, 98–2136–8P1.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 28, 2001.

Jeffrey W. Warren, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, for William L. Beasley.

Samuel B. Issaacson, Chicago, IL, Lee Zell, F. Johnstone, Blach & Bingham, Birmingham, AL, Ed Waller, John D. Emmanuel, Tampa, FL, for Finova Capital Corp.

Robert A. Soriano, Tampa, FL, John McDonald, Joel Mintzer, Minneapolis, MN, for Colonial Pacific Leasing Corp.

Steven I. Froot, New York City, for Shasta Pharmacy.

## ORDER ON MOTIONS TO REMAND OR ALTERNATIVE TO ABSTAIN; MOTION TO VACATE ORDER OF DISMISSAL, AND MOTION FOR DIRECTION TO CLERK OF CIRCUIT COURT OF JEFFERSON COUNTY ALABAMA TO TRANSMIT CASE FILE

ALEXANDER L. PASKAY, Chief Judge.

The Motions under consideration are a Motion to Vacate Order of Dismissal and Motion for Direction to Clerk of Circuit Court of Jefferson County Alabama to Transmit Case File filed by Finova Capital Corp. (Finova) and a Motion to Remand or, in the Alternative, to Abstain filed by William M. Beasley, d/b/a Louisville Drugstore, et al (Alabama Defendants). This last Motion was actually styled as an adversary proceeding and this is the Motion of the Alabama Defendants in which they seek an order remanding this so-called removed Alabama litigation to this Court or, in the alternative, to abstain of the same.

In order to put these matters under consideration in the proper procedural posture and to make it understandable, a

John D. Goldsmith, Trenam, Simmons, Kemker, et al., Tampa, FL, for debtor.

brief recap of the relevant portions of the record should be helpful.

On February 28, 2001, Finova filed a Motion for Removal of a lawsuit currently pending in the Circuit Court of Jefferson County, Alabama styled Finova Capital Corp. vs. William M. Beasley, d/b/a Louisville Drugstore, et al, Case No. CV–00–6169. On April 17, 2001, this Court entered an Order and granted the Motion for Removal which also directed Finova to undertake the proper steps to remove the records of the Alabama litigation for the limited purpose of determining the scope, extent and validity of protection granted to Finova and other participating lessors by the Order of Confirmation of the Fourth Amended Plan of Reorganization of the above-styled case of Optical Technologies, Inc., et al.

The genesis of this controversy is an Order entered by this Court which confirmed the Fourth Amended Plan in the case of Optical Technologies, Inc. and its affiliates on May 13, 1998. The leases under consideration were originally negotiated by Recomm International Display, Ltd. and after January 1994 by Recomm Operations, Inc. These leases were almost simultaneously, or shortly thereafter, assigned to several finance companies, including Finova. Finova and the other participating lessors were major players in the reorganization process and actually it was their participation and willingness to negotiate an accommodation with the hundreds of lessees which made the Fourth Amended Plan of Reorganization feasible which, in turn, lead to confirmation of the Plan. The Fourth Amended Plan provided, inter alia, that Finova, as a "Participating Lessor," agreed to discount the amounts due from the lessee defendants, and to waive certain defaults under the leases and in exchange the order determined that the leases, as modified, were valid and binding between the lease financing companies and the respective lessees, including Finova. (Page 19, ¶ 16(iii).) The Confirmation Order further provided that the lessees and the guarantor defendants waive all claims and defenses against Finova and permanent enjoin them from pursuing lease-related claims and defenses against Finova. (Page 19, ¶ 16(iv).) The Fourth Amended Plan also permanently enjoined the lessee defendants from commencing or continuing any action in any manner in any place that does not comply with or is inconsistent with the provisions of the Order of Confirmation. (Page 23, ¶ 22). The Plan gave an option to the lessees either to accept the modified leases and agree to be bound by it or opt out and litigate their claims against the leasing companies, including Finova, in the multi-district litigation currently pending before the Honorable Judge Beer, United States District Judge of the Eastern District of Louisiana.

The Alabama Defendants did not opt out thus are deemed to be bound by the restructured leases according to Finova. The Alabama Defendants currently before this Court were originally named as defendants in a suit filed by Finova on October 12, 2000 in the Circuit Court of Jefferson County, Alabama against William Beasley d/b/a Louisville Drug Store and other Alabama lessees numbering more than 80. The suit by Finova sought damages for the breach of leases by the named defendants who were "opt-in lessees." In due course the Alabama Defendants filed a Motion to Dismiss the suit in Alabama contending misjoinder of parties and improper venue. The Alabama Defendants' Motion was heard in due course by the Circuit Court in Alabama and on March 1, 2001, the Circuit Court entered an Order granting Motion to Dismiss based on improper venue and improper joinder of parties pursuant to Rule 12(b)(3) of the Alabama Rules of Civil Procedure. The State Court indi-

cated that even if the Alabama Defendants have been properly joined, the Court would exercise discretion to sever and transfer the claims against the Alabama Defendants on the basis of the doctrine of forum non conveniens. The Order of Dismissal was without prejudice with leave granted to Finova to refile its Complaints in appropriate counties in Alabama where the respective Defendants maintain their regular places of business.

On February 28, 2001, Finova, rather than file a Notice of Removal, filed a Motion for Removal in this Court seeking to remove the Alabama suit commenced by Finova to this Court. The Motion was not filed pursuant to 28 U.S.C. § 1452 but pursuant to 28 U.S.C. § 1651, the All Writs Act. The Alabama Defendants through counsel entered their limited special appearance, and without consenting to subjecting themselves to this Court's jurisdiction, interposed the opposition to Finova's attempt to remove the Alabama suit to this Court.

The Alabama Defendants were not served in any other lawsuit in Alabama other than the suit filed by Finova, which now has been dismissed in the Circuit Court of Alabama. On April 17, 2001, this Court entered an Order on Finova's Motion for the limited purpose of determining the scope, extent and validity of the protection granted to Finova and other participating lessors by the Order of Confirmation.

In due course, the Alabama Defendants filed a Motion for Reconsideration of Order of Removal which was denied. The Alabama Defendants promptly filed a Notice of Appeal of this Court's Order denying Motion for Reconsideration, and this appeal is still pending.

The immediate matter under consideration are two Motions by Finova, one seeking an order from this Court vacating the Order of Dismissal entered by the Circuit Court of Jefferson County, Alabama and the second a Motion for Direction to Clerk of Circuit Court of Jefferson County Alabama to Transmit Case File. Considering first the Motions just described, it is evident from this record that the Motions filed by Finova are interconnected with the Order of Dismissal entered by the Circuit Court in Jefferson County, Alabama. This is so because in order to entertain and determine that this Court has jurisdiction of the Order of Dismissal of the Alabama suit entered by the Circuit Court of Jefferson County Alabama, this Court is called upon to review the correctness vel non of the Order of the Order of Dismissal entered by the Circuit Court in Alabama. It needs no elaborate citation of authority to support the proposition that the federal court, including this bankruptcy court, has no appellate jurisdiction over the valid orders entered by a non-bankruptcy forum with competent jurisdiction. This has been made clear by the Supreme Court, in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476–82, 103 S.Ct. 1303, 1311–15, 75 L.Ed.2d 206 (1983) which described the Rooker–Feldman doctrine as follows:

"The Rooker–Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."

This leaves for consideration the Motion of Finova which seeks an Order directing the Clerk in the circuit Court of Jefferson County to transmit the file. Based on the foregoing, it is evident that this Motion is directly related to the Motion filed by the Alabama Defendants who seek an order remanding or, in the alternative, abstaining the lawsuit originally filed by Finova in Jefferson County, Alabama against the Alabama Defendants. Since this Court is unwilling to review the Order of Dismissal it follows that this Court, while originally technically removed to this Court by Finova, it should be remanded to the Alabama Circuit Court.

In support of the Order entered by this Court which ostensibly granted the Motion to Remove the Alabama lawsuit which was removed pursuant to 28 U.S.C. § 1428, Finova contends that the removal was not pursuant to 28 U.S.C. § 1428 but pursuant to All Writ Statute, 28 U.S.C. § 1651. This proposition is based on the contention that the Motion was proper because Finova anticipates the defense which will be allegedly asserted in Alabama that under the interpretation of the Alabama Supreme Court, the Order of Confirmation entered by the Bankruptcy Court has no binding effect and therefore, the Alabama Defendants have the right to challenge the validity of the leases in question in the suit filed by Finova in Alabama seeking to recover damages for breach of these leases by Defendants named in the suit styled, Finova Capital Corp. v. William M. Beasley d/b/a Louisville Drug Store et al., C.V. 00–61169 NDR.

■ In opposition to this proposition, the Alabama Defendants urge that under the Supreme Court case of *Rivet v. Regions Bank of La.*, 522 U.S. 470, 478, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998), a possible or anticipated defense forms no basis whatsoever to remove or use the All–Writ Statute. It is crystal clear that the suit filed by Finova in Alabama is a simple traditional contract action arising under state law, the suit is not based on a claim arising in or under Title 28, § 1334(b). This Court is constrained to reject the proposition that the suit filed in Alabama is related to the Title 11 case, based on the doctrine of *Pacor v. Higgins*, 743 F.2d 984 (3rd Cir.1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) simply because the outcome of that litigation no way had an impact on the administration of these confirmed Chapter 11 cases, nor on the confirmation of the confirmed plan. It is a simple lawsuit by a non-debtor entity against other non-debtor entities involving a dispute under Alabama law and is not pursuant and is not based on any provisions of the Bankruptcy Code. The fact that the basis to resort to the All Write Statute, 28 U.S.C. § 1651, is based on the anticipated defenses the validity of which is yet to be ruled on by some tribunal of competent jurisdiction forms no basis to retain the underlying lawsuit by this Court.

It should be evident from the foregoing that this Court lacks jurisdiction to entertain the lawsuit filed by Finova in Alabama against the Alabama Defendants. Thus, it is improper to retain the Alabama lawsuit and this Court is equally satisfied that the removal was improper under the All Writ Statute, 28 U.S.C. § 1651 for the reasons stated. The foregoing should not be construed to mean, however, that Finova is precluded to commence a declaratory relief action in this Court to seek a determination that the provisions of the Order of Confirmation in which these Alabama Defendants were enjoined to assert any defenses and waived their right to challenge the validity of the leases and whether or not this Court had the jurisdiction under

the facts of this case to issue that injunction and to prohibit the Alabama Defendants to assert any claims of the defenses pled by the Alabama Defendants in the suit pending in the Circuit Court of Jefferson County. Accordingly, it is evident that Finova's Motion to Vacate the Order of Dismissal and the Motion for Direction to Clerk of Circuit Court of Jefferson County Alabama to Transmit Case File are without merit.

Concerning the Motion of the Alabama Defendants to Remand or Abstain, it will suffice to state that the Alabama lawsuit was never really removed to this Court but in order to clarify and leave no misunderstanding, this Court will abstain to try the underlying lawsuit which was a suit to recover money damages for the alleged breach of the Alabama Defendants and will only entertain under the retention of jurisdiction provision of the Order of Confirmation to determine the validity, extent and scope of ¶¶ 16(iii) and 16(iv).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Vacate Order of Dismissal be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Direction to Clerk of Circuit Court of Jefferson County Alabama to Transmit Case File be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Remand, or Alternatively to Abstain be, and the same is hereby granted and this Court shall abstain from trying the underlying lawsuit.