**In re James J. FLURY and Margaret M. Flury, Debtors.**

**No. 9:03–BK–9119–ALP.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

May 5, 2004.

Edward R. Miller, Richard J. Hollander, Miller & Hollander, Naples, FL, for Debtors.

### *ORDER ON DEBTORS' OBJECTION TO CLAIM NO. 6* (Doc. No. 18)

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration in this Chapter 13 case is "Debtors' Objection to Claim No. 6," filed by James J. and Margaret M. Flury (Debtors). The proof of claim, Claim no. 6 is filed by Aria Contracting Corporation (Aria) in the amount of $1,113,768.29. In support of their Objection, the Debtors contend "there is no debt due and owing by the Debtors." The Debtors rely on a Memorandum, Decision and Order (N.Y.Order) rendered by Judge Timothy J. Drury, in the State of New York County Court, County of Erie, dated October 2, 2002, in a civil action bearing case number I 1999/6434, styled *Aria Contracting Corporation v. The Flury Partnership.*

The N.Y. Order was entered in a foreclosure action filed by Aria, which was concluded with the entry of a Judgment of Foreclosure dated December 27, 1999, and with a sale by the court appointed referee, who on February 8, 2002, sold the mortgaged property for $100,000 to Aria, which was the highest bidder. At the hearing to confirm the referee's sale, Aria sought the entry of a deficiency judgment and a determination that the fair and reasonable market value of the mortgaged property as of the date of the auction was $725,000.00.

The County Judge, having heard the evidence, denied Aria's motion to confirm the referee's sale and leave to enter a deficiency on the ground that it was untimely pursuant to controlling law.

Aria, in its Response to the Objection contends that (1) the Proof of Claim does not state that it is filed as a secured or priority claim; (2) the Objection, as served, did not contain a copy of the N.Y. Order; and (3) Aria filed a Notice of Appeal of the N.Y. Order with the Appellate Division of the Fourth Department of the Supreme Court of the State of New York and the appeal is still pending, notwithstanding the intervention of the Debtors' Chapter 13 filing, and therefore, the enforceability of the Claim is not final. Aria seeks an order (1) dismissing [sic] the Objection; (2) allowing the Claim in full, or in the alternative, allowing Aria to prosecute the appeal in order to obtain a final determination of the Claim; and (3) granting sanctions against the Debtors pursuant Section 105 of the Code for inclusion of false and misleading statements in the Objection.

Although neither Aria nor the Debtors filed a motion for summary judgment in this contested matter, it is clear and this Court is satisfied that there are no genuine issues of material fact and the dispute can be resolved as a matter of law, without the necessity of a trial. This is so because the ultimate and controlling issue is the binding effect of the N.Y. Order, which denied Aria's request to enter a deficiency judgment in favor of Aria. It is the Debtors' contention that the N.Y. Order is *res judicata*, meets the requirements of collateral estoppel, or that the doctrine of *Rooker–Feldman* bars Aria's claim, notwithstanding of the pendency of the appeal. In support of their claim, the Debtors cite several cases from several bankruptcy courts, all of which according to Debtors support their position.

Aria, of course, takes a contrary position and cites several decisions from the Second Circuit and the Fifth Circuit and contends that the N.Y. Order is not final, thus, neither the doctrine of *res judicata* nor the doctrine of collateral estoppel apply and the N.Y. Order will not become final and binding until the appeal is decided.

■ Although the challenge of the liability of this claim is based upon the contention of the Debtors that by virtue of Section 502(b)(1) of the Code, the Claim is barred and cannot be allowed, or in the alternative that the Claim is fraudulent, both propositions are without any merit. First, the Claim is not filed as a secured priority claim, as asserted by the Debtors and this contention must fail. Second, the filing of the claim is not fraudulent upon the Debtors, as it is without dispute that Aria asserts that it has a deficiency claim against the Debtors. However, notwithstanding what is in the written objection, the argument at the hearing on the Objection was based on the theories set forth above, that Aria can no longer relitigate the issue of the Debtors' liability based on *res judicata*, collateral estoppel and *Rooker–Feldman* doctrine.

■ In support of this proposition, the Debtors cite *In re Audre, Inc.*, 216 B.R. 19 (9th Cir. BAP 1997)(*Rooker–Feldman* doctrine); *In re Zoernack*, 289 B.R. 220 (Bankr.M.D.Fla.2003)(*res judicata* case, also discusses collateral estoppel and *Rooker–Feldman* doctrine); *In re Glass*, 240 B.R. 782 (Bankr.M.D.Fla.1999)(*Rooker–Feldman* doctrine); *In re Itzler*, 247 B.R. 546 (Bankr.S.D.Fla.2000)(collateral estoppel case); *In re Best Payphones, Inc.*, 2002 WL 31767796 (Bankr.S.D.N.Y. 2002)(*res judicata* case).

Aria, in support of its position urges the following: (1) the state court decision is not final, citing *McConnell v. Travelers Indemnity Co.*, 346 F.2d 219 (5th Cir.1965)(judgment not definitive until time for appeal has expired or appellate decision is rendered), *Grieve v. Tamerin*, 269 F.3d 149 (2nd Cir.2001)(decision is final upon failure to timely appeal); (2) or in the alternative, that based on this Court's equity powers, it should not disallow the claim of Aria, who should be permitted to file a proof of claim in order to preserve it rights, citing *U.S. v. Nat'l Westminster Bank USA*, 231 B.R. 506 (E.D.N.Y.1999); *In re Halpern*, 229 B.R. 67 (Bankr. E.D.N.Y.1999).

Applying the foregoing authority to the case at hand, this Court is satisfied that based upon the *Rooker–Feldman* doctrine, this Court cannot allow the proof of claim of Aria. Even assuming that *res judicata* or collateral estoppel do not apply, in the last analysis, this Court is reviewing and in fact would be overturning a decision of a state court. This Court has no authority to review a final judgment of a state court in a judicial proceeding under the *Rooker–Feldman* doctrine. This Court must review state law to determine the effect of a judgment that is on appeal.

In this instance, under New York state law, a judgment pending appeal is entitled to the same effect as a final judgment. *Petrella v. Siegel*, 843 F.2d 87 (2d Cir. 1988).

Aria urges that this is a Court of equity and at first blush, this decision appears to leave Aria, the creditor, remediless. However, nothing in this ruling shall be construed to prevent the creditor from seeking relief from the judgment if so deemed to be advised pursuant to Federal Rules of Civil Procedure 60(b), at such time is proper or to seek reconsideration pursuant to Section 502(j) of the Code.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection interposed by the Debtors be, and the same is hereby, sustained. It is further

ORDERED, ADJUDGED AND DECREED that Proof of Claim No. 6 be, and the same is hereby, disallowed.