In Re James E. PARKER, Sr., Debtor.

James E. Parker, Sr. Plaintiff

v.

Dan Livingston, Melvin Burklow, Robert L. Burklow, Ed Burklow, and James Wilson Defendants.

Bankruptcy No. 94–04020.
Adversary No. 05–3003.

United States Bankruptcy Court, N.D. Florida.

April 11, 2005.

Kenneth R. Ridlehoover, Pensacola, FL, for the Debtor/Plaintiff.

Yancey Langston, Pensacola, FL, for the Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

MARGARET A. MAHONEY, Bankruptcy Judge.

This case is before the Court on the Defendants' Motion to dismiss the case due to a lack of subject matter jurisdiction. This Court does not have jurisdiction to hear this matter pursuant to 28 U.S.C. § § 157 and 1334 and the Order of Reference of the District Court. This case is not a core proceeding. Because the Court has no jurisdiction, the Court is dismissing the case pursuant to Fed. R. Bankr.P. 7012(b).

## FACTS

The debtor filed this case to have the Court determine that the defendants' "claims are unsecured and therefore discharged pursuant to the Order of Discharge," or that defendants' "claims... [should be] disallowed," or that defendants' "judgments were void and ... [should be] disallow[ed]." Livingston, et al., the defendants or "Livingston," obtained Florida judgments against James Parker, the plaintiff, on June 6 or 15, 1990. They enrolled the judgments in Mississippi as foreign judgments in November and December 1991. In January 1992, Livingston filed suit in Chancery Court, Jefferson Davis County, Mississippi, "seeking to set aside as fraudulent certain conveyances of Mississippi mineral and property interests by Parker to other family members." Mississippi Supreme Court opinion, March 7, 2002, ¶ 4, Exhibit 1 to Plaintiff's Amended Complaint. On January 11, 1994, James Parker filed a chapter 7 bankruptcy case in the Northern District of Florida. Livingston was granted relief from the automatic stay to pursue the Mississippi state court action, as to his own claim under the enrolled judgments, on February 24, 1994. On January 18, 2000, the trustee sold the bankruptcy estate's rights to any fraudulent conveyance cause of action and proceeds to Livingston. On December 15, 1998, the Chancery Court ruled in Livingston's favor holding that the deeds and other transfers of interests made by James Parker to Beverly Parker were set aside. Those transfers included the assignment of mineral and/or oil and gas interests previously held by James Parker. The judgment was appealed to the Supreme Court of Mississippi which affirmed the Chancery Court judgment.[1]

Parker received his chapter 7 discharge on August 12, 1994. He scheduled Livingston's debts in his case as disputed.

## LAW

Parker seeks, through this adversary case, to void Livingston's judgments, or to declare Livingston's judgments unsecured debts that are now discharged, or to have the debts disallowed under some other unspecified theory. The Court will discuss the subject matter jurisdiction issue first and will then discuss the cases cited by Parker in support of his complaint.

### A.

Pursuant to 28 U.S.C. § 1334(a), "district courts shall have original and exclusive jurisdiction of all cases under title 11." Pursuant to 28 U.S.C. § 1334(b), district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." As stated above, Parker states that his suit deals with Livingston's claims in his bankruptcy case and is therefore under the jurisdiction of the federal courts.

28 U.S.C. § 1334(a), conferring federal jurisdiction for all "cases filed under title 11," means that bankruptcy cases can only be filed and handled in federal courts. *Directory International, Inc. v. The Bates Manufacturing Company,* 91 B.R. 738, (N.D.Tex.1988)(stating that "§ 1334(a) ... [refers to] nothing more than the actual [bankruptcy] petition whose filing gives rise to subsequent proceedings.") Therefore, since this lawsuit is not a bankruptcy case itself, § 1334(a) does not establish subject matter jurisdiction in federal court for this adversary case.

---

1. The Mississippi Supreme Court actually remanded part of the case not relevant to this ruling as well.

■■ Section 1334(b) gives the federal courts jurisdiction over civil proceedings arising under title 11, or arising in or related to a case under title 11. The Eleventh Circuit has explained what these phrases mean.

A proceeding is within the bankruptcy jurisdiction, defined by 28 U.S.C. § 1334(b), if it "arises under" the Bankruptcy Code or "arises in" or is "related to" a case under the Code. " 'Arising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code. The 'arising in a case under' category is generally thought to involve administrative-type matters, or as the ... court put it, 'matters that could arise only in bankruptcy.' " *In re Toledo,* 170 F.3d 1340, 1345 (11th Cir. 1999) (citations omitted). We have stated, "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.),* 910 F.2d 784, 788 (11th Cir.1990). *Carter v. Rodgers,* 220 F.3d 1249, 1253 (11th Cir.2000).

The Court will discuss each of these bases for jurisdiction in turn.

■■ A case arises under title 11 if it "invok[es] a substantive right created by the Bankruptcy Code." *Id.* In this case, no substantive bankruptcy right is at issue. Parker seeks to have the validity, priority and extent of a secured claim and/or a nonbankruptcy claim which are allegedly liens against his property determined. There is no bankruptcy issue involved.

As to the judgment Livingston obtained in Mississippi state court, which Livingston asserts is a secured claim, no bankruptcy issue remains.[2] The trustee in the chapter 7 bankruptcy case has issued his final report and paid final dividends to creditors. (James Parker Chapter 7 bankruptcy case, Case No. 94–04020, Docket Entries 99 and 102). As to secured claims, they pass through a chapter 7 bankruptcy case unaffected to the extent of the value of the collateral securing them. 11 U.S.C. § 506(d); *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992)(holding that pre-Bankruptcy Code law that "a lien passed through bankruptcy unaffected" would not be held to have changed under the Code); *El–Amin v. Stockton, Whatley, Davin & Co.,* 93 B.R. 279, 280

---

**2.** Parker alleges that Livingston is not a secured claimant. Although it is not necessary for this Court to determine that issue for this ruling because Parker should raise that issue in state court, the Court believes that Livingston likely has a good claim. Miss.Code Ann. § 11–5–75 states:

The chancery court shall have jurisdiction of bills exhibited by creditors who have not *obtained judgments at law,* or those having judgments ... to set aside fraudulent conveyances of property resorted to for the purpose of hindering, delaying or defrauding creditors; and may subject the property to the satisfaction of the demands of such creditors. *The creditor in such case shall have a lien upon the property described therein from the filing of his bill except as against bona fide purchasers before the ser-*

*vice of process upon the defendant in such bill.* (Emphasis added)

Livingston filed his lawsuit to set aside the conveyances by Parker to his wife and others of mineral and oil rights in January 1992. Parker did not file bankruptcy until January 1994. Therefore, the defendants had a lien, to the extent any transfers were later avoided, from the moment of the filing of the suit. Once the judgment against Parker was final, it attached to all of his oil and mineral rights that he had transferred. The judgment is secured to the extent that the mineral and oil rights have value. *See Davis v. Polk Financial Service,* 242 Miss. 419, 135 So.2d 175 (Miss.1961)(holding that lien of enrolled judgment creditors established pursuant to § 11–5–75 was not invalidated by defendant's bankruptcy filing).

(Bankr.M.D.Fla.1988)(stating that "pursuant to 11 U.S.C. § 506(d), a secured claim passes unaffected through bankruptcy proceedings brought under Chapter 7"). Once the automatic stay is no longer in effect, at debtor's discharge, pursuant to § 362(c)(2)(C), the secured creditor is free to pursue all of his state law rights in regard to the secured interest. In chapter 7 cases, the bankruptcy trustee takes no action to reduce secured claims to cash or enforce rights against secured property unless the trustee concludes there is collateral value over the amount of the secured claim that should be realized for other creditors. In this case, the trustee has already sold the right to collect that excess value to Livingston. Therefore, the estate has no more interest in Livingston's secured claim against Parker's property. Whatever rights Livingston has due to his secured claim should be asserted in Mississippi state courts. The issues do not "arise under" the Bankruptcy Code.

Livingston also holds title to the claim against Parker sold to him by the bankruptcy trustee. That claim includes all of the trustee's rights against Parker for fraudulent transfers relating to his transfer of property and mineral interests to family members. That claim is for all of the value in the properties in excess of Livingston's own secured claim. Although that claim arose from the bankruptcy estate, the trustee sold that claim for $5,000 to a nondebtor and the claim now has nothing to do with the bankruptcy estate. Instead, the trustee distributed to creditors the $5,000 resulting from the sale. The sold claim raises no substantive bankruptcy issues. Livingston holds whatever rights he obtained from the trustee and can enforce those as appropriate under state law. Parker can also assert whatever state law arguments he has against the claim in state court. Whatever happens will in no way affect the bankruptcy estate. Accordingly, the issues raised by Parker about this part of Livingston's claims does not "arise under" the Bankruptcy Code.

The claims of Parker against Livingston also do not "arise in a case under" title 11. As stated in the *Carter* case above, "arising in" jurisdiction refers to adminstrative proceedings and/or matters that could only arise in bankruptcy. As discussed above, all of the issues raised by Parker relate solely to issues between Parker and Livingston about Livingston's claims to assets that are not part of the bankruptcy estate. The matters relate to no property of the estate and do not relate to any issue required to be resolved before the trustee could make his final report and final distribution to creditors. Therefore, the issues do not "arise in a case under title 11." [3]

---

3. Parker, in part, seeks to have this Court reexamine issues already decided by a final order of the Mississippi Supreme Court. The Court cannot reexamine or reopen issues already dealt with in the Mississippi Chancery Court case, even if the suit is the basis for Livingston's claim in Parker's bankruptcy case. Once the automatic stay was lifted to allow Livingston to proceed to judgment in the state court suit, that suit established the validity (or not) of Livingston's claim. *In re Flury*, 310 B.R. 659, 661 (Bankr.M.D.Fla.2004)(refusing to look behind final state court judgment on res judicata, collateral estoppel, and Rooker–Feldman doctrine grounds); *In re Optical Technologies,* *Inc.,* 272 B.R. 771, 774 (Bankr.M.D.Fla.2001)(upholding the Rooker–Feldman doctrine which provides that "federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts"). Although Parker believes that the Mississippi judgments were not properly enrolled, the ruling of the Mississippi Chancery Court and Supreme Court govern this issue. The Supreme Court ruled that the Florida judgments were not void (¶ 16) and that the Mississippi requirements for enrolling judgments were complied with by Livingston (¶ 21). Furthermore, the

Finally, a federal court has subject matter jurisdiction over a matter if it is "related to" a case under title 11. "Related to" jurisdiction exists if the outcome of the litigation could conceivably have an effect on the bankruptcy case. *Id.* For the reasons explained above, the litigation can have no effect on the bankruptcy case. All issues are between Livingston and Parker only. The estate is concluded and creditors have been paid to the extent possible. Therefore, there is no "related to" jurisdiction either.

### B.

■ The defendants also assert that the property at issue is not property of the bankruptcy estate. Parker is seeking to have this court declare that Livingston has no secured claim against the property fraudulently transferred by him. That property is no longer property of the estate. The trustee of Parker's chapter 7 case sold whatever interest the bankruptcy estate had in that recovered property to Livingston in 2000. Therefore, since the ultimate goal of Parker is to establish title in the recovered fraudulent transfers in himself, it is also appropriate to dismiss this case because this Court has no jurisdiction to deal with non-estate property if the issue does not affect the estate. *In re Edwards*, 962 F.2d 641, 643 (7th Cir.1992)(stating that "since the property was no longer part of the bankrupt estate and since a determination of rights to it would not affect any dispute by creditors over property that was part of the bankrupt estate, the bankruptcy court had no jurisdiction to determine rights to the property."); *In re Xonics*, 813 F.2d 127, 131 (7th Cir.1987). The *Xonics* case, dealing with a contested issue about rights in property that had been sold by the estate, stated:

[J]urisdiction does not follow the [sold] property. It lapses when property leaves the estate... [O]nce the property has been sold the court needs a new source of jurisdiction (such as diversity), if the dispute is to remain in federal court... Otherwise anyone who could trace his title to a bankrupt could invoke federal jurisdiction to settle disputes affecting the property... There is jurisdiction under § 157(c)(1) only when the dispute is "related to" the bankruptcy—meaning that it affects the amount of property available for distribution or the allocation of property among creditors.

*Xonics*, 813 F.2d at 131.

This adversary case does not concern the amount of property available to creditors or its allocation.

### C.

Parker cited the Court to two opinions that he believes are relevant to the issues raised. *Chase Automotive Finance, Inc. v. Kinion (In the Matter of Kinion)*, 207 F.3d 751 (5th Cir.2000); *In re Stewart*, 215 B.R. 633 (Bankr.M.D.Fla.1997). Both cases state that objections to the validity, priority or extent of liens should be made through institution of an adversary proceeding. However, the cases do not show why the Court would have jurisdiction over claims that have nothing to do with the bankruptcy case or estate.

*Kinion* involved debtors who sought to reaffirm a secured debt, and then, when the creditor did not comply with a court rule regarding production of the secured creditor's contract and title, obtained an order voiding the lien in its entirety. The Fifth Circuit ruled that avoidance of the lien should not have been allowed without the protections of an adversary proceeding. This case however does not stand for

Supreme Court held that the Livingston judg-
ments were properly renewed (¶ 30).

the proposition that every issue about a secured claim can or should be determined in a bankruptcy court. The case did not deal with jurisdictional concerns. Section 524 of the Bankruptcy Code specifically requires some bankruptcy court oversight as to reaffirmation agreements. There is no comparable section in regard to all secured claims.

*Stewart* involved a chapter 13 case in which a debtor objected to a secured creditor's proof of claim and sought to bar or avoid the entire security interest.[4] In a chapter 13 case, it is absolutely necessary for the court to determine whether a secured claim is in fact valid if it is to be included in the chapter 13 plan. It is the only way a proper chapter 13 plan can be confirmed. Chapter 13 requires payment of allowed secured debts, so the validity, priority and extent of the debt must be known to provide proper treatment for the secured creditor and all other creditors. *E.g.* 11 U.S.C. § 1325(a)(5); *In re Regional Building Systems, Inc.,* 251 B.R. 274, 281 (Bankr.D.Md.2000). In a chapter 7 case like Parker's, no such issue exists. The validity, priority and extent of Livingston's liens or claims will affect no other creditors. *El–Amin v. Stockton, Whatley, Davin & Co.,* 93 B.R. 279, 280 (Bankr.M.D.Fla.1988)(stating that "[o]ne of the options of a secured creditor in Chapter 7 is to wait until the proceedings are complete and enforce its lien in state court against the collateral.")

## CONCLUSION

In summary, Livingston holds title to two different claims against Parker. One claim is his allegedly secured claim, secured by his enrolled judgments and the lien created by the fraudulent transfer

suit. The other is his purchased claim consisting of whatever rights the trustee had in the fraudulent transfer case after satisfaction of Livingston's other claim, if secured. The trustee retained no rights in any assets that might be obtained in a recovery in the fraudulent transfer suit against Parker. All rights were transferred to Livingston. Therefore, this action is based on claims by a discharged debtor against property not involved in a bankruptcy case and/or against nondebtor parties. There is no ground for assertion of federal jurisdiction under 28 U.S.C. § 1334(a)or (b). Therefore, the case must be dismissed. To the extent that Parker has any claims or defenses against Livingston, they may properly be asserted only in state court or in federal court on non-bankruptcy grounds.

THEREFORE, IT IS ORDERED that:

1. The motion of the defendants, Dan Livingston, Melvin Burklow, Robert L. Burklow, Ed Burklow and James Wilson is GRANTED and this adversary case is DISMISSED with prejudice; and

2. The defendant's motion for sanctions is set for hearing on *Monday, May 9, 2005 at 9:15 a.m.* in a telephonic hearing to be initiated by the Court.

---

4. Interestingly, Parker already objected to Livingston's secured claims in the chapter 7 case in 2004 alleging that Livingston, et al., did not provide any support for the indebtedness. The Bankruptcy Court overruled the objection.