IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 24, 2005 Session

## FINOVA CAPITAL CORPORATION v. BILLY JOE REGEL, INDIVIDUALLY, d/b/a BARTLETT PRESCRIPTION SHOP

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-03-1786-2     Arnold B. Goldin, Chancellor**

---

**No. W2005-00071-COA-R3-CV - Filed November 3, 2005**

---

The trial court awarded summary judgment to Defendant Billy Joe Regel, Individually, and d/b/a/ Bartlett Prescription Shop on the grounds of laches, and Plaintiff Finova Capital Corporation appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Charles G. Taylor, III, Knoxville, Tennessee, for the appellant, Finova Capital Corporation.

George D. McCrary, Bartlett, Tennessee, for the appellee, Billy Joe Regel.

### OPINION

In November 1994, Defendant/Appellee Billy Joe Regel, d/b/a the Bartlett Prescription Shop ("Regel") entered into a lease/financing agreement with Tricon Capital Corporation ("Tricon"), for equipment manufactured by Recomm International Display Corporation ("Recomm"). In 1995, Tricon changed its corporate name to Finova Capital Corporation ("Finova"). In late1995 or early 1996, the parties began to experience difficulties and Regel stopped payment to Finova.

In January 1996, Recomm filed for bankruptcy protection in the United States Bankruptcy Court for the Middle District of Florida. Regel was one of over 12,000 lessees of Recomm's equipment. In February 1996, Finova moved the Bankruptcy Court to enjoin Finova from pursuing claims against its lessees. The Bankruptcy Court granted Finova's motion in March 1996. In May 1998, the Bankruptcy Court approved Recomm's plan of reorganization, which Finova helped to

draft. The plan included a modification of the agreements between Finova and its lessees which provided for several lease payment options.

On September 16, 2003, Finova filed its complaint against Regel in the Chancery Court for Shelby County, asserting breach of contract and seeking damages pursuant to the 1998 modified lease. In its complaint, Finova sought lease payments dating to 1995, interest which had accrued over eight years at a rate of 18% per year, late fees equal to 10% of each missed payment of $503.28, and initial attorney's fees of $6,476.37. Thus, in a complaint filed nearly eight years after the breach and over five years and four months after it could have sued under the terms of the 1998 modified lease, Finova sought collection of interest and fees of more than $50,416.47 on a balance of approximately $33,000, plus initial attorney's fees of more than $6,000, for a total judgment of approximately $90,000.

In its January 2004 answer and motion to dismiss, Regel asserted the statute of limitations under Tennessee Code Annotated § 28-3-109(3). Regel also submitted that, in deference to the bankruptcy court, it would not challenge the contract modifications but reserve its defenses. It asserted, however, that Regel was never a party to the proceedings before the bankruptcy court, was never served with processes of the action in the bankruptcy court, that it did not recall receiving the 1998 modified lease, that it was not a debtor or creditor of Recomm, and that Finova was barred from suing for a breach arising in 1995. In June 2004, Regel amended its answer and motion to dismiss to include the defense of laches.

On July 7, 2004, the trial court awarded summary judgment to Regel based on laches. On August 3, 2004, Finova filed a complaint for declaratory relief in the bankruptcy court seeking a declaration that Regel's defenses in the Tennessee state court action were barred. On August 5, 2004, Finova moved the court to alter or amend its judgment asserting the defense of laches was barred by the bankruptcy court's order.

On August 16, Regel answered Finova's motion to alter or amend, asserting the state court had jurisdiction to hear the breach of contract matter and that the court's authority to dismiss Finova's action was not barred by the bankruptcy court's order. In its answer, Regel referred the trial court to the bankruptcy court's orders in similar cases. Regel noted that in *In re Optical Technologies*, 272 BR 771 (Bankr. M.D. Fla, 2001), the bankruptcy court stated that it did not have jurisdiction over similar claims asserted by Finova against defendants in an action filed in state court in Alabama. The bankruptcy court stated that Finova's action to enforce its agreement with the Alabama defendants was one arising under Alabama state law, and that the action was not based on a claim over which the bankruptcy court had jurisdiction.

In its answer, Regel further noted that in September 2001 the bankruptcy court issued an order, a copy of which is included in the record here, on Finova's motion for clarification of the bankruptcy court's May 1998 confirmation order. Finova's motion and the bankruptcy court's September 2001 order on the motion arose from an action brought by Finova against Eagle Pharmacy, et. al, in state court in California. In its September 2001 order, the bankruptcy court

reiterated its position that Finova's actions against its lessees arose under state law. The bankruptcy court stated:

> Specifically, the Court has no jurisdiction under 28 U.S.C. § 1334 to adjudicate Finova's claims against the defendants in the California lawsuit for non-payment of the sums due, if any, under the Leases as modified by the Confirmation Order. Accordingly, the California Superior Court may exercise subject matter jurisdiction to the extent permitted by applicable law, based on Finova's claims as alleged in the California lawsuit[.]

On October 1, the chancery court heard Finova's motion to alter or amend. The court set aside its order awarding summary judgment to Regel based on Finova's assertion that the bankruptcy court had adjudicated Regel's liability. On October 4, 2004, Regel filed a motion to reconsider in the chancery court, asserting that Finova had made a serious misstatement of fact. Regel asserted that, contrary to Finova's assertion, the bankruptcy court had not adjudicated any amount due Finova by Regel. Regel attached the bankruptcy court's order and plan of reorganization to its motion, noting that neither Billy Joe Regel nor the Bartlett Prescription Shop were mentioned in the order.

On October 26, 2004, Finova non-suited its action against Regel in the bankruptcy court. On November 1, Regel informed the chancery court that Finova's action in bankruptcy court had been dismissed. On December 6, 2004, the chancery court reinstated its order awarding summary judgment to Regel based on laches. In its order, the court found that, upon review of the bankruptcy court's order, Finova had misstated and inaccurately characterized the order. Finova filed a timely notice of appeal to this Court on December 16, 2004. We now affirm the judgment of the trial court.

## ISSUE PRESENTED

Finova presents the following issue, as stated by Finova, for our review:

> Whether the trial court committed legal error by reinstating its summary judgement order in favor of Defendant Billy Joe Regel in that it erroneously held that the plaintiff's claim is barred by the equitable principle of laches and failed to recognize the scope and effect of the Recomm bankruptcy Confirmation Order which served to modify the lease.

## STANDARD OF REVIEW

We review a trial court's determination of laches under an abuse of discretion standard. *Dennis Joslin Co. v. Johnson*, 138 S.W.3d 197, 199 (Tenn. Ct. App. 2003). We will not reverse the trial court's determination "unless it is clearly shown to be wrong." *Id.* at 200 (quoting *Hannewald v. Fairfield Communities, Inc.,* 651 S.W.2d 222, 228 (Tenn. Ct. App. 1983)(quoting *Freeman v. Martin Robowash, Inc.*, 457 S.W.2d 606, 612 (1970))).

Summary judgment is appropriate only when the moving party can demonstrate that there are no disputed issues of material fact, and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). We review an award of summary judgment *de novo*, with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002).

## ANALYSIS

An award based on laches is predicated on the trial court's finding of inexcusable, negligent, or unreasonable delay on the party asserting the claim which results in prejudice to the defending party. It is an equitable defense which requires the finder of fact to determine whether it would be inequitable or unjust to enforce the claimant's rights. *Gleason v. Gleason*, 164 S.W.3d 588, 592 (Tenn. Ct. App. 2004). The doctrine of laches generally applies to actions that are not governed by a statute of limitations, but it may be applied within a statutory limitations period in the case of gross laches. *Id.* Gross laches occurs where there has been a "long and unreasonable acquiescence in adverse rights." *John P. Saad & Sons, Inc. v. Nashville Thermal Transfer Corp.*, 715 S.W.2d 41, 46 (Tenn. 1986)(quoting *Ledford v. Lee*, 200 S.W.2d 393, 398 (1946) *cert denied* (Tenn. 1947)(quoting Gibson's Suits in Chancery, § 70, p. 87)). Further, gross laches requires prejudice to the defendant such as the loss of evidence and witnesses or a considerable accumulation of interest resulting from the unjustified delay of the plaintiff. *Joslin Co.,* 138 S.W.3d at 201. A determination of laches depends on the facts and circumstances of each case. *Id.* at 200.

Finova's argument in this Court and in the trial court is predicated on the assertion that its action against Regel is based on the modified 1998 lease pursuant to the order of the bankruptcy court. The essence of its argument, as we perceive it, is that the bankruptcy court's order somehow operates to prohibit the state court from awarding judgment to Regel based on laches. To the extent that Finova asserts that the bankruptcy court's order precludes a determination of laches, we disagree. The bankruptcy court made clear in *In re Optical Technologies* and in its September 2001 order clarifying *In re Optical Technologies* that the state courts have jurisdiction to adjudicate actions between Finova and its lessees. Assuming Finova correctly asserts that its cause of action against Regel did not accrue until May 1998 and is thus within the limitations period, the state court is not without the authority to dismiss the action on equitable grounds.

In this case, the trial court determined that, assuming the limitations period accrued from May 1998, when the bankruptcy court confirmed Recomm's reorganization and modified the payment schedule of Finova's leases, Regel was prejudiced by Finova's delay of over five years and four months in bringing its action against Regel. Finova contends the record does not support a finding of prejudice. We again disagree.

The record includes affidavits of Regel that, eight years after the dispute between the parties arose and it first refused payment to Finova, Regel had believed the dispute to be resolved; had undergone several changes in staff, including those responsible for the records regarding its transactions with Finova; and Regel's bank had destroyed records pertinent to the time of the breach.

None of these assertions was disputed by Finova in the trial court. Further, as noted above, by the time Finova brought its action against Regel, over five years and four months had elapsed since the May 1998 order of the bankruptcy court, and Finova's claims for amounts resulting from interest and fees was greater than the amount equal to payments due under the lease. We cannot say an award of summary judgment to Regel based on the doctrine of laches constituted an abuse of discretion in light of these facts.

## HOLDING

In light of the foregoing, we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellant, Finova Capital Corporation, and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE