IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 17, 2007 Session

## CHARLES W. DARNELL d/b/a EUROPEAN SERVICE WERKS v. JOHNNY W. BROWN, ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**No. 06-0603-2     Arnold B. Goldin, Chancellor**

---

**No. W2006-01084-COA-R3-CV - Filed January 30, 2007**

---

Plaintiff appeals the trial court's dismissal of Plaintiff's action immediately following a hearing on Plaintiff's motion for temporary injunction. We affirm in part, vacate in part, and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in part; Vacated in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Jeffrey D. Germany, Memphis, Tennessee, for the appellant, Charles W. Darnell.

R. Porter Feild, Memphis, Tennessee, for the appellees, Johnny W. Brown and Marsha Brown, individually and d/b/a Hardscapes and J & B Company.

**OPINION**

Plaintiff/Appellant Charles W. Darnell d/b/a European Service Works (Mr. Darnell) and Defendants/Appellees Johnny W. Brown and Marsha Brown, d/b/a Hardscapes and J & B Company ("the Browns") operate neighboring businesses in Memphis. Mr. Darnell repairs and services European-made motor vehicles; the Browns manufacture mulch. In the course of their business, the Browns use equipment known as "tub grinders" to grind trees and waste wood into mulch products.

On March 27, 2006, Mr. Darnell filed a complaint styled "COMBINED COMPLAINT FOR INJUNCTIVE RELIEF, INCLUDING A TEMPORARY RESTRAINING ORDER, REQUEST TO ABATE A PRIVATE NUISANCE AND REQUEST FOR AN AWARD OF COMPENSATORY AND PUNITIVE DAMAGES" in the Chancery Court of Shelby County. In his complaint, Mr. Darnell alleged that the Browns' tub grinders repeatedly fired metal objects onto his property; that these "metal missiles" damaged his property and personal property owned by his customers; and that

the Browns' operations regularly blanketed his property and his customers' personal property with mulch and mulch dust. Mr. Darnell also alleged that the projectiles threatened the safety of his employees and customers; that he repeatedly had asked the Browns to implement safety precautions; and that the Browns operated the tub grinders in contravention of the manufacturer's specifications and safety instructions. He also alleged that dust generated by the Browns' operations damaged his property and the personal property of his customers and threatened the health of his employees and customers. In his complaint, Mr. Darnell asserted the Browns' conduct was wanton and willful, and that he had suffered damages as a direct and proximate result of that conduct. He prayed for an immediate temporary restraining order, a temporary injunction, and a permanent injunction prohibiting the Browns from operating the tub grinders in such a way as to permit objects and mulch residue and dust to be discharged onto his property. Mr. Darnell also prayed for a declaration that the Browns' activities constitute a private nuisance, an order abating that nuisance, compensatory damages in the amount of $50,000, and punitive damages in the amount of $500,000.

On April 5, the trial court issued a fiat and temporary restraining order prohibiting the Browns from operating their equipment in such a manner as to allow projectiles to be launched onto Mr. Darnell's property. The trial court set a hearing date of April 11, 2006, to hear Mr. Darnell's application for temporary injunction. On April 6, the Browns filed a memorandum of law in opposition to Mr. Darnell's application for temporary injunction. The Browns also filed an affidavit of Allen Simpson (Mr. Simpson), an inspector with Memphis and Shelby County Health Department ("the Department"). In his affidavit, Mr. Simpson stated that he previously had investigated several complaints made by the Browns' neighbors regarding "fugitive dust," and that the Department had required the Browns to install a dust abatement system. He stated that it was his understanding that the Browns had installed a water system to abate the dust, and that the use of water generally was the best system for abating the discharge of fugitive dust. Mr. Simpson further stated that the Department had received no further complaints regarding dust from the Browns' property since the 2001 complaints were resolved.

The trial court held a hearing on Mr. Darnell's application for temporary injunction on April 11, 2006. At the hearing, the Browns consented to a permanent injunction enjoining the launching of objects onto Mr. Darnell's property. Following a hearing that the trial court and parties agreed was limited to "the dust issue," the trial court dismissed the matter. On April 17, 2006, the trial court entered an order granting a permanent injunction prohibiting the Browns from operating their business in such a manner as to allow metal projectiles from being thrown, launched or fired from their mulching equipment and dismissing all other claims. Mr. Darnell filed a timely notice of appeal to this Court. We affirm the judgment on injunctive relief, vacate the order dismissing the matter, and remand for further proceedings.

### *Issues Presented*

Mr. Darnell presents the following issue for our review:

Did the trial court err when, immediately following the hearing on [Mr. Darnell's] application for a temporary injunction, the court dismissed Plaintiff's complaint in its entirety, either *sua sponte* or in response to the oral argument of Defendants' counsel?

### *Standard of Review*

Our standard of review of a trial court sitting without a jury is *de novo* upon the record. *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's findings of fact, unless the preponderance of evidence is otherwise. Tenn. R. App. P. 13(d). We review the trial court's conclusions on matters of law *de novo*, with no presumption of correctness. Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

### *Analysis*

On appeal, Mr. Darnell contends it was error for the trial court to dismiss the action, whether *sua sponte* or in response to motion by the Browns, immediately following a hearing on his motion for temporary injunction. He asserts the trial court improperly treated the April 11, 2006, hearing on his application for a temporary injunction, which the court specifically limited to the "dust issue," as a trial on the merits without notice and without affording him the opportunity to respond to the Browns' arguments. Mr. Darnell's argument, as we perceive it, is that the trial court improperly consolidated a hearing on his application for temporary injunction with a hearing on the merits. The Browns, on the other hand, assert the trial court did not improperly consolidate the hearings, but granted their oral motion to dismiss on the basis of laches.

The Tennessee Rules of Civil Procedure provide:

> **Consolidation of Hearing with Trial on Merits**. Before or after the commencement of the hearing of an application for a preliminary injunction, the Court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. This subdivision [65.04(7)] shall be so construed and applied as to save to the parties any rights they may have to trial by a jury.

Tenn. R. Civ. P. 65.04(7).

It is undisputed that the trial court in this case did not order a Rule 65.04(7) consolidation, nor did it provide notice to the parties of an intent to consolidate the hearings. Although Rule 65.04(7) clearly establishes that it is within the authority of the court to order an application for temporary injunction consolidated with a hearing on the merits, it may not exercise such authority

without notice to the parties. *Johnson v. City of Clarksville*, No. M2001-002273-COA-R3-CV, 2003 WL 21266937, at *3 (Tenn. Ct. App. June 3, 2003)(*no perm. app. filed*)(citing *Oak Ridge FM, Inc., v. Wicks Broadcasters, Ltd.*, No. 03A01-9409-CH-00318, 1995 WL 40303 at * 3 (Tenn. Ct. App. Feb. 1, 1995)). Notice of the issues to be tried is fundamental to the judicial process, and parties are entitled to such notice in advance of the trial date. *Id.*; *Sunburst Bank v. Patterson*, 971 S.W.2d 1, 6 (Tenn. Ct. App.1998). The United States Supreme Court has addressed the identical language of Fed. R. Civ. P. 65(a)(2), opining: "[b]efore such an order [of consolidation] may issue, however, the courts have commonly required that 'the parties should normally receive clear and unambiguous notice . . . either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases.'" *Johnson*, 2003 WL 21266937, at *3 (citing *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)(quoting *Pughsley v. 3750 Lake Shore Drive Cooperative Bldg.*, 463 F.2d 1055, 1057 (C.A.7 1972))). We agree with Mr. Darnell that, in so far as the trial court consolidated the hearing on temporary injunction with a hearing on the merits, it was error for the trial court to dismiss the case without a Rule 65.04(7) order of consolidation or notice to the parties allowing them sufficient time to prepare for a hearing on the merits.

We next turn to the Browns' assertion that the trial court did not improperly consolidate the hearing on temporary injunction with a hearing on the merits, but granted their oral motion to dismiss based on the doctrine of laches. We find this argument somewhat disingenuous where the Browns' alleged oral motion to dismiss based on laches was made at the April 11 hearing on temporary injunction. Further, an award based on the equitable defense of laches must be predicated on the trial court's finding of inexcusable, negligent, or unreasonable delay on the party asserting the claim, and resulting prejudice to the defendant. *Finova Capital Corp. v. Regal*, 195 S.W.3d 656, 660 (Tenn. Ct. App. 2006). It is an equitable defense that requires the finder of fact to determine whether it would be inequitable or unjust to enforce the claimant's rights. *Id.* The doctrine of laches generally applies to actions that are not governed by a statute of limitations, but it may be applied within a statutory limitations period in the case of gross laches. *Id.* Gross laches occurs where there has been a "long and unreasonable acquiescence in adverse rights." *Id.* (quoting *John P. Saad & Sons, Inc. v. Nashville Thermal Transfer Corp.*, 715 S.W.2d 41, 46 (Tenn.1986)(quoting *Ledford v. Lee*, 29 Tenn.App. 660, 200 S.W.2d 393, 398 (1946) cert denied (Tenn.1947))(quoting Gibson's Suits in Chancery, § 70, p. 87))). Further, gross laches requires prejudice to the defendant such as the loss of evidence and witnesses or a considerable accumulation of interest resulting from the unjustified delay of the plaintiff. *Id.*

We note that the trial court's order in this matter does not state the grounds upon which the court dismissed Mr. Darnell's complaint for damages or for injunctive relief with respect to the dust issue. However, upon review of the transcript of the April 11 hearing, we note that the Browns' legal counsel argued that the court should consider the nuisance asserted by Mr. Darnell to be permanent in nature and should dismiss Mr. Darnell's complaint for damages based upon the statute of limitations. Counsel further argued that there had been no proof of immediate and irreparable harm that would justify a temporary injunction.

We do not agree with the Brown's characterization of this interchange as an oral motion to dismiss the entire cause, including the demand for compensatory damages, based on laches. Moreover, if we were to accept as true the Browns' contention the trial court dismissed the entire matter based on laches upon oral motion of counsel, then the trial court clearly combined the April 11 hearing on a temporary injunction with respect to the "dust issue" with a hearing on the merits of a laches defense.

Finally, we note that Tennessee law requires a party asserting affirmative defenses, including the equitable defense of laches, to assert them in an appropriate pleading. Tenn. R. Civ. P. 8.0; *In re Estate of Baker*, 207 S.W.3d 254, 264-65 (Tenn. Ct. App. 2006). Rule 8.03 provides:

> In pleading to a preceding pleading, a party shall set forth affirmatively facts in short and plain terms relied upon to constitute accord and satisfaction, arbitration and award, express assumption of risk, comparative fault (including the identity or description of any other alleged tortfeasors), discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, if justice so requires, shall treat the pleading as if there had been a proper designation.

Tenn. R. Civ. P. 8.03.

Clearly, the Browns filed no pleading in the trial court asserting laches as an affirmative defense. Further, even if we were to regard the Browns' memorandum of law in opposition to Mr. Darnell's application for temporary injunction as a "pleading," it is applicable only to Mr. Darnell's application for injunctive relief and not to his claim for compensatory or punitive damages. Accordingly, if the trial court dismissed this matter based on laches, it did so without the Browns' having properly pled the defense and by improperly combining a hearing on Mr. Darnell's application for temporary injunction with a hearing on the merits of a laches defense without notice.

### *Holding*

Upon review of the record, we agree with Mr. Darnell that the trial court improperly consolidated the April 11, 2006, hearing on Mr. Darnell's application for temporary injunction with a hearing on the merits without notice to the parties. Accordingly, we vacate the order dismissing the matter. We affirm the judgment of the trial court enjoining the Browns from discharging projectiles onto Mr. Darnell's property and implicitly denying Mr. Darnell's application for

temporary injunction with respect to "the dust issue." This cause is remanded for further proceedings. Costs of this appeal are taxed to the Appellees, Johnny W. Brown and Marsha Brown, individually and d/b/a Hardscapes and J & B Company.

_____

DAVID R. FARMER, JUDGE